■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DAVID E. FRIEDRICH, Respondent, v HAROLD J. SMITH, as Superintendent of Attica Correctional Facility, et al., Appellants. — Judgment unanimously reversed, and petition dismissed, in accordance with the following memorandum: Special Term erred in setting aside the determination at the superintendent's proceeding which found that petitioner was guilty of violating a prison rule prohibiting escape. Petitioner, while serving an indeterminate term with a maximum of 10 years, escaped from the Albion Correctional Facility on September 16, 1975. An unusual incident report was prepared the following day. Petitioner was apprehended by Federal authorities on February 6, 1976 and held in Federal custody until April 29, 1983. On May 3, 1983, an inmate misbehavior report was filed to institute disciplinary proceedings pertaining to the escape. At the superintendent's hearing held on May 5, 1983 petitioner admitted the escape charge. We find no merit to petitioner's claim that the delay in initiating the disciplinary proceeding in this case is analogous to the due process claims in parole revocation cases (see, e.g., *People ex rel. Gonzales v Dalsheim,* 52 NY2d 9; *People ex rel. Valentine v Smith,* 103 AD2d 1004). The same liberty interest involved in a parole violation is not involved in a prison disciplinary case (see *Wolff v McDonnell,* 418 US 539, 560-561). Due process is not violated by delay per se. Here, petitioner claimed no prejudice by the delay. The controlling standard for due process in an administrative proceeding is one of " 'fairness and

justice' " (*Matter of O'Keefe v Murphy,* 38 NY2d 563, 568). There is no purpose or reason to hold a disciplinary hearing while an inmate is confined in Federal custody, even in New York, as that institution is without jurisdiction to impose the State punishment. Furthermore, since petitioner admitted his guilt at the hearing, there can be no assertion that the determination at the hearing was not supported by substantial evidence (see *People ex rel. Bridges v Smith,* (105 AD2d 1122). (Appeal from judgment of Supreme Court, Wyoming County, Flaherty, J. — art 78.) Present — Callahan, J. P., Doerr, Boomer, Green and Schnepp, JJ.