In the Matter of ANDERSON BERNIER, Petitioner, v LOUIS MANN, as Superintendent of Shawangunk Correctional Facility, et al., Respondents.—Kane, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Ulster County) to, inter alia, review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate at Shawangunk Correctional Facility in Ulster County, was involved in a demonstration at the prison for which he was subsequently found guilty after a Tier III disciplinary hearing of refusing to obey a direct order (see, 7 NYCRR 270.2 [B] [7] [i]), participating in a sit-in (see, 7 NYCRR 270.2 [B] [5] [iii]) and engaging in conduct which disturbs the order of the facility (see, 7 NYCRR 270.2 [B] [5] [iv]). After the determination was administratively affirmed, petitioner submitted a request pursuant to the Freedom of Information Law (see, Public Officers Law art 6) for information on the other inmates involved in the disturbance. The request was denied as an unwarranted invasion of privacy and a threat to institutional safety. Thereafter, petitioner, who was confined to the special housing unit (hereinafter SHU) pursuant to the determination, filed a grievance challenging the requirement that he receive visitors in a controlled visiting room. The grievance was denied because precautions were "deemed necessary" for SHU visits (see, 7 NYCRR 302.2 [j] [1] [ii]). Petitioner then commenced this CPLR article 78 proceeding challenging the hearing disposition, the denial of his information request and the denial of his visitation grievance. Supreme Court dismissed the petition as to those claims unrelated to the hearing and transferred the remaining claims to this court.

The petition should be dismissed in its entirety. Turning

first to the hearing disposition, we find no merit to petitioner's claim that the determination was not supported by substantial evidence. Petitioner admitted to remaining in the yard during the sit-in after direct orders to leave. This evidence, together with the misbehavior report and testimony of a correction officer present during the incident, provide the requisite substantial evidence to support a finding of petitioner's guilt *(see, Matter of Fletcher v Coughlin,* 161 AD2d 869; *see also, People ex rel. Vega v Smith,* 66 NY2d 130, 139). Nor do we agree with petitioner that the penalty imposed, although different from that given other inmates, was "shocking to one's sense of fairness" *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 234). Petitioner's significant role in the incident is evident in the record *(see, Matter of Hobson v Coughlin,* 137 AD2d 940, 941).

As to that portion of the petition dismissed by Supreme Court, we reject petitioner's claim that his request for information on other inmates involved in the disturbance was erroneously denied. The institutional safety and inmate privacy considerations have been adequately demonstrated in this instance to justify denial of petitioner's request *(see, Matter of Stronza v Hoke,* 148 AD2d 900, 901, *lv denied* 74 NY2d 611; *see also,* Public Officers Law § 87 [2] [f]). Finally, we summarily reject petitioner's claim that he was impermissibly denied contact visitation while assigned to SHU. Notwithstanding the apparent mootness of this claim, we find that the visitation afforded petitioner was in all respects reasonable *(see,* 7 NYCRR 302.2 [j] [1] [ii]).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Levine and Harvey, JJ., concur.