■ In the Matter of GILBERTO SILVA, Appellant, v CHARLES SCULLY, as Superintendent of Green Haven Correctional Facility, et al., Respondents. (Proceeding No. 1.) In the Matter of GILBERTO SILVA, Appellant, v CHARLES SCULLY, as Superintendent of Green Haven Correctional Facility, et al., Respondents. (Proceeding No. 2.)—(1) In a proceeding pursuant to CPLR article 78 to review a determination of a Hearing Officer dated March 18, 1988, which, after a hearing, *inter alia,* found the petitioner guilty of "fighting" and imposed a penalty, *inter alia,* of two years' confinement in a special housing unit (proceeding No. 1), the petitioner appeals from a judgment of the Supreme Court, Dutchess County (West, J.), entered November 1, 1988, which denied the petition and dismissed the proceeding and (2) in a proceeding pursuant to CPLR article 78 to review a determination of a Hearing Officer dated May 25, 1988, which, after a rehearing, *inter alia,* found him guilty of "fighting" and imposed a penalty, *inter alia,* of 18 months' confinement in a special housing unit (proceeding No. 2), the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Benson, J.), entered June 14, 1989, which dismissed the proceeding as time barred.

Ordered that the judgments are affirmed, without costs or disbursements.

The determination dated March 18, 1988, was vacated based

upon a procedural impropriety by the respondent Commissioner of the New York State Department of Correctional Services, who directed a new hearing pursuant to 7 NYCRR 254.8 (d). Accordingly, the determination under review did not constitute a final order, and is not reviewable. In any event, we note that the Commissioner's direction of a new hearing was within the proper exercise of his discretion.

After the new hearing, the petitioner was again found guilty of "fighting", which determination the Commissioner confirmed on July 6, 1988. Because the petitioner did not commence a proceeding pursuant to CPLR article 78 until on or about December 22, 1988, the Supreme Court properly dismissed it as time barred. Contrary to the petitioner's contentions, there is no basis to apply the tolling provision set forth in CPLR 205 (a). Lawrence, J. P., Kooper, Sullivan and Rosenblatt, JJ., concur.