■ In the Matter of VICTOR VALERA, Petitioner, v DONALD SELSKY, as Director of the Special Housing Unit, Respondent. —Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, an inmate in the State prison system, was charged with possession of narcotics in violation of a disciplinary rule based upon the observation of a correction officer. Petitioner was immediately placed in keeplock, and after a hearing was held he was found guilty of the charge and a penalty was imposed. Petitioner's administrative appeal resulted in a reduction in the penalty.

Petitioner's contention that the determination is not supported by substantial evidence is meritless. The misbehavior report and the testimony of the correction officer who prepared the report, stating that he observed petitioner pass a white packet to a fellow inmate, together with the results of the drug test on the packet after it was seized, provide the necessary evidentiary support for the determination *(see, Matter of Maisonave v Coughlin,* 167 AD2d 578; *Matter of Bernier v Mann,* 166 AD2d 798). The testimony of petitioner and his witnesses, which contradicted the correction officer's statement, presented a credibility issue for the Hearing Officer to resolve *(see, Matter of Lewis v Coughlin,* 172 AD2d 889; *Matter of James v Coughlin,* 170 AD2d 980).

Petitioner's claim that he was deprived of due process by his prehearing confinement was rendered moot by the final determination (see, Matter of Collins v Rodriguez, 138 AD2d 809). We note that regulations have recently been adopted which provide the procedure to be followed when an inmate is to be restricted pending a hearing (7 NYCRR 251-3.1 [d] [3]). Petitioner's claim that the Hearing Officer erred in imposing a severe penalty due to petitioner's history of drug use without advance notice that his history would be considered is also moot. The penalty was reduced on administrative appeal because the prior history was not set forth in the record. We have considered petitioner's remaining arguments and find them to be without merit.

Mikoll, J. P., Yesawich Jr., Crew III and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.