■ In the Matter of JOSEPH MARTINEZ, Appellant, v CHARLES J. SCULLY, as Superintendent of Green Haven Correctional Facility, et al., Respondents. [599 NYS2d 104] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Correctional Services, dated January 20, 1989, made after a hearing, finding him guilty of assaulting another inmate, disturbing facility order, and failing to report an injury, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Benson, J.), entered June 8, 1989, which dismissed the petition.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner contends that the disciplinary determination should be vacated because the Hearing Officer was allegedly biased against him. We disagree. In order to establish "Hearing Officer bias as a matter of fact, there must be support in the record for the bias and proof that the outcome flowed from the alleged bias" (Matter of Hughes v Suffolk County Dept. of Civ. Serv., 74 NY2d 833, 834, amended on other grounds 74

NY2d 942; *Matter of Nieves v Coughlin,* 157 AD2d 943, 944). Here, there is no evidence in the record that the Hearing Officer was predisposed against the petitioner. Indeed, the record shows that the Hearing Officer carefully listened to and considered the petitioner's arguments and explanation of the incident. The mere fact that the Hearing Officer ruled against the petitioner is insufficient to establish bias.

The petitioner also contends that he was denied his due process rights when the Hearing Officer denied his requests that the confidential informant be called as a witness. However, it is clear that an inmate only "has a conditional right to call witnesses when that will not be unduly hazardous to institutional safety or correctional goals" *(Matter of Laureano v Kuhlmann,* 75 NY2d 141, 146; *see also, Wolff v McDonnell,* 418 US 539; 7 NYCRR 254.5 [a], [b]). In the instant case, after making an in camera inquiry of the author of the misbehavior report, the Hearing Officer reasonably concluded that production of the confidential informant or disclosure of his identity would jeopardize his safety as well as the order of the facility. Moreover, the Hearing Officer could properly consider the confidential information since he had a sufficient basis upon which to make an independent determination as to the confidential informant's credibility *(see, Matter of Moore v Coughlin,* 170 AD2d 723).

We have examined the petitioner's remaining contentions and find them to be without merit. Balletta, J. P., Rosenblatt, Miller and Joy, JJ., concur.