■ In the Matter of TIMOTHY FLETCHER, Appellant, v DONALD SELSKY, as Director of Special Housing Unit, Respondent. [606 NYS2d 396] —Cardona, J. Appeal from a judgment of the Supreme Court (Ellison, J.), entered December 21, 1992 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

Following a disciplinary hearing, petitioner was found guilty of violating prison rules 113.10 and 113.11 (7 NYCRR 270.2 [B] [14] [i], [ii]), prohibiting possession of contraband that could be classified as a weapon and possession of an altered item, respectively, and penalties were imposed. These charges resulted from a search of petitioner's cell which revealed a razor blade and 4 or 5 altered paper clips. At the hearing, petitioner contended that the contraband items were planted by correction officers. He called two inmate witnesses who testified in substance that the officers repeatedly harassed petitioner. One of the witnesses testified that he overheard the officers discussing a scheme to plant a razor blade in petitioner's cell. Petitioner also requested that a nun be called as his witness. The Hearing Officer denied this request on the ground that the nun lacked direct knowledge of the incident and that her testimony was unnecessary and redundant as it would only serve to corroborate other testimony that petitioner told others about the alleged harassment by the staff.

The Hearing Officer stated on the record that he accepted as fact that petitioner had told others about the alleged harassment by the staff. Petitioner also sought to question the Hearing Officer about certain confidential information which he had received and entered into the record. On administrative appeal, the penalties were reduced and the determination affirmed as modified. Thereafter, petitioner commenced this CPLR article 78 proceeding.

Petitioner raises three arguments. First, although the tape transcripts contain intermittent gaps due to inaudible portions of the tape, we do not find these gaps to be so significant as to preclude meaningful review of the proceedings, particularly as they relate to petitioner's arguments (see, Matter of Rodriguez v Coughlin, 167 AD2d 671; Matter of Thomas v Coughlin, 145 AD2d 695, 696).

Second, petitioner's conditional right to call witnesses (7 NYCRR 254.5 [a]) was not violated by the refusal of the Hearing Officer to call the nun, as we find that her anticipated testimony would have been immaterial or redundant at best (see, 7 NYCRR 254.5 [a]; Matter of Nieves v Coughlin, 157 AD2d 943, 944; Matter of Young v Coughlin, 144 AD2d 753, 754, lv dismissed 74 NY2d 625).

Finally, petitioner challenges the Hearing Officer's reliance on the confidential report of a correction officer who was present during the search of petitioner's cell. The report, dated January 22, 1992, some 10 days prior to the subject incident, contained information which in substance suggested that petitioner might be in possession of contraband. The record shows that the subject charges stemmed from the search of petitioner's cell conducted on February 7, 1992 and were not based upon the information contained in the earlier confidential report. While we agree with petitioner that the Hearing Officer failed to articulate a reason for his determination to keep the report confidential (see, Matter of Boyd v Coughlin, 105 AD2d 532), and therefore violated petitioner's regulatory right to reply to the evidence against him (see, 7 NYCRR 254.6 [c]; Matter of Hillard v Coughlin, 187 AD2d 136, 140, lv denied 82 NY2d 651), we conclude that the error was harmless because the record shows that the evidence, without considering the confidential information, was legally sufficient to sustain the charges (see, Matter of Lee v Coughlin, 195 AD2d 997; Matter of Boyd v Coughlin, supra). Additionally, we do not see how petitioner was prejudiced by its use.

Weiss, P. J., White, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.