firmed and claimant appeals. Medical evidence presented to the Board indicated that claimant had no permanent disability to his back. Conflicting medical evidence merely presented a question of fact for the Board to resolve. Given that there is substantial evidence to support the Board's decision, we affirm.

Cardona, P. J., Mikoll, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the decision is affirmed, without costs.

■ In the Matter of KENNETH F. PARKER, Petitioner, v THOMAS COUGHLIN, as Commissioner of Correctional Services, et al., Respondents. [621 NYS2d 954] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty after a Superintendent's hearing of violating prison disciplinary rules prohibiting sexual acts among inmates, possession of contraband and the exchange of personally owned items. In this proceeding, petitioner challenges only the determination of guilt of engaging in a sexual act with another inmate. We confirm.

The misbehavior report, authored by a correction officer who witnessed the incident, stated that petitioner and another inmate were observed engaging in a sexual act. We find that this report constitutes substantial evidence to support the determination. Further, we find no error in the Hearing Officer's refusal to allow petitioner to introduce into evidence at the hearing documentary evidence which was not relevant to the determination of petitioner's guilt. Similarly, the inmate assistant's failure to produce these documents on petitioner's request does not constitute ineffective assistance requiring annulment. Finally, we find no evidence in the record that the Hearing Officer was biased or that the outcome of the hearing flowed from such bias.

Cardona, P. J., Mikoll, Crew III, White and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

■ In the Matter of BRIAN JACQUES, Petitioner, v THOMAS COUGHLIN, as Commissioner of Correctional Services, et al., Respondents. [621 NYS2d 954] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme