In the Matter of LESTER I. CRANDALL, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [631 NYS2d 946] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: Petitioner, an inmate at Oneida Correctional Facility, was found guilty after a superintendent's hearing of violating prison disciplinary rules that prohibit solicitation of services (7 NYCRR 270.2 [B] [4] [ii]) and require inmates to comply with the facility correspondence rules (7 NYCRR 270.2 [B] [26] [ii]). The determination was affirmed on petitioner's administrative appeal. Petitioner thereafter commenced this CPLR article 78 proceeding challenging the determination on numerous substantive and procedural grounds.

The determination is supported by substantial evidence *(see, People ex rel. Vega v Smith,* 66 NY2d 130, 139-140). Petitioner's defense of justification raised an issue of credibility and the Hearing Officer was entitled to reject petitioner's testimony and to credit the statements made in the misbehavior report and the testimony of certain witnesses *(see, Matter of Rodriguez v Coughlin,* 216 AD2d 966).

The gap in the tape transcript that occurred on the first day of the hearing was not "so significant as to preclude meaningful review of the proceeding[ ], particularly as [it] relates to petitioner's [legal] arguments" *(Matter of Fletcher v Selsky,* 199 AD2d 865, 866, *lv denied* 83 NY2d 753). Moreover, the gap did not include the testimony of any witness.

There is no merit to the contention of petitioner that the rules violations alleged in the misbehavior report subjected him "to a form of double jeopardy". The earlier misbehavior report to which petitioner refers charged him with the discrete violation of providing unauthorized legal assistance to another inmate.

Petitioner received meaningful assistance from the employee assistant *(see,* 7 NYCRR 251-4.2; *Matter of Chisholm v Irvin,* 209 AD2d 1027; *Matter of Palin v Coughlin,* 209 AD2d 971),

and the record is devoid of evidence that the Hearing Officer "was biased or that the outcome of the hearing flowed from such bias" *(Matter of Parker v Coughlin,* 211 AD2d 929; *see, Matter of Martinez v Scully,* 194 AD2d 679). Additionally, petitioner's conditional right to call witnesses *(see, Wolff v Mc-Donnell,* 418 US 539, 566; *see also,* 7 NYCRR 254.5 [a]) was not violated by the refusal of the Hearing Officer to call certain persons as witnesses. The Hearing Officer properly determined that the testimony of those persons would have been either immaterial or redundant *(see, Matter of Fletcher v Selsky, supra,* at 866; *Matter of Nieves v Coughlin,* 157 AD2d 943, 944).

Lastly, we have reviewed the remaining contentions of petitioner and conclude that they are lacking in merit. (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Oneida County, Grow, J.) Present—Green, J. P., Pine, Wesley, Callahan and Davis, JJ.