▪ In the Matter of Tehran Muhammad, Petitioner, v Philip Coombe, Jr., as Acting Commissioner of New York State Department of Correctional Services, Respondent. [655 NYS2d 221] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: Although petitioner, an inmate at Collins Correctional Facility, has raised a number of issues in this CPLR article 78 proceeding, the sole issue raised in his administrative appeal addressed the fact that the misbehavior report was not made by the correction officers who broke up the fight in which he was involved but, rather, was made by a correction officer who did not witness the incident and did not ascertain the facts by inquiring of those two correction officers. The failure of petitioner to exhaust his administrative remedies with respect to the remaining issues by raising those issues in his administrative appeal precludes him from raising them in this proceeding (*see, Young Men's Christian Assn. v Rochester Pure Waters Dist.,* 37 NY2d 371, 375; *Matter of Nelson v Coughlin,* 188 AD2d 1071, *appeal*

*dismissed* 81 NY2d 834; *Matter of Bates v Coughlin*, 145 AD2d 854, *lv denied* 74 NY2d 602). Specifically, petitioner did not exhaust his administrative remedies on the issues of the denial of his request to call certain witnesses, the failure of one witness to testify in petitioner's presence and the sufficiency of the evidence.

With respect to the misbehavior report, it is sufficient that the reporting correction officer ascertained the facts of the incident from the other inmate involved in the fight. The misbehavior report "shall be made by the employee who has observed the incident or who has ascertained the facts of the incident" (7 NYCRR 251-3.1 [b]). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Green, J. P., Lawton, Callahan, Doerr and Boehm, JJ.