■ In the Matter of MICHAEL ORTIZ, Petitioner, v JOHN R. ROURKE et al., Respondents. [661 NYS2d 401] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: Petitioner was found guilty after a Tier III hearing of violating inmate rules 1.00 (7 NYCRR 270.2 [A] [Penal Law offense]), 114.10 (7 NYCRR 270.2 [B] [15] [i] [smuggling]), and 113.12 (7 NYCRR 270.2 [B] [14] [iii] [possession, use, sale or exchange of a controlled substance]). On petitioner's administrative appeal, the determination of guilt was reversed and a new hearing was ordered (*see*, 7 NYCRR 254.8 [d]). The

record establishes that the ruling was based on the fact that the misbehavior report was not based upon direct staff observation. The author of the misbehavior report testified at the rehearing, and petitioner was again found guilty of the three charges.

The contention of petitioner that the rehearing was improper is without merit. The procedural defect in the first hearing was discovered before a final determination was rendered (*see, Matter of Dawes v Selsky*, 233 AD2d 598; *Matter of Brodie v Selsky*, 203 AD2d 671, 672; *Matter of Murray v Scully*, 170 AD2d 829, 831, *lv denied* 78 NY2d 856; *Matter of Silva v Scully*, 168 AD2d 452).

Upon our review of the record, we conclude that the determination of guilt is supported by substantial evidence. The misbehavior report, the testimony of the investigator who authored the misbehavior report, and the information from the confidential source, which the Hearing Officer found to be reliable and credible, is " 'the kind of evidence on which responsible persons are accustomed to rely in serious affairs' " (*People ex rel. Vega v Smith*, 66 NY2d 130, 139, quoting *National Labor Relations Bd. v Remington Rand*, 94 F2d 862, 873, *cert denied* 304 US 576).

Petitioner received meaningful assistance from the employee assistant (*see*, 7 NYCRR 251-4.2; *Matter of Crandall v Coughlin*, 219 AD2d 823; *Matter of Chisholm v Irvin*, 209 AD2d 1027, *lv dismissed* 85 NY2d 1027). Petitioner's contention "that the Hearing Officer was biased or that the outcome of the hearing flowed from such bias" is unsupported by the record (*Matter of Parker v Coughlin*, 211 AD2d 929; *see, Matter of Martinez v Scully*, 194 AD2d 679).

Petitioner's conditional right to call witnesses (*see*, 7 NYCRR 254.5 [a]) was not violated by the refusal of the Hearing Officer to call a witness requested by petitioner. The Hearing Officer properly determined that the testimony would not have been relevant (*see, Matter of Fletcher v Selsky*, 199 AD2d 865, 866, *lv denied* 83 NY2d 753; *Matter of Nieves v Coughlin*, 157 AD2d 943, 944).

The contention of petitioner that the Becton-Dickinson test kit E results are invalid because the tests were not conducted by a licensed chemist is without merit. There is no such requirement. The regulations provide only that the "individual performing the test shall have been appropriately trained in the use of the testing materials", and the record establishes that the investigator performing the test here was so trained (7 NYCRR 1010.4 [f]; *see generally, Matter of Lahey v Kelly*, 71

NY2d 135, 140-141). Nor does the record support petitioner's contention that the form for the Request for Test of Suspected Contraband Drugs (*see,* 7 NYCRR 1010.4 [h]) was not properly completed.

We have reviewed the remaining contentions of petitioner and conclude that they are without merit. (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Cayuga County, Corning, J.) Present—Green, J. P., Pine, Lawton, Boehm and Fallon, JJ.