(*see, Matter of Parker v Laundree*, 234 AD2d 727; *Matter of Shabazz v Coughlin*, 212 AD2d 923). Moreover, the reference of the Hearing Officer to the statement in the misbehavior report regarding the confidential informant's tip does not require annulment in light of the substantial evidence of petitioner's guilt (*see, Matter of Emmons v Selsky*, 238 AD2d 651; *Matter of Gardiner v Senkowski*, 234 AD2d 708; *Matter of Hernandez v Coughlin*, 206 AD2d 578, 579, *appeal dismissed and lv denied* 84 NY2d 1024).

Finally, although it appears that one of the correction officers involved in the search of petitioner's cube did not sign the misbehavior report (*see*, 7 NYCRR 251-3.1 [b]), that omission does not provide a basis for annulment; petitioner has not demonstrated that he was prejudiced thereby (*see, Matter of Bolling v Coombe*, 234 AD2d 730; *Matter of Smith v Walker*, 209 AD2d 799, 800, *lv denied* 85 NY2d 807). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Pine, J. P., Lawton, Hayes, Callahan and Boehm, JJ.

■ In the Matter of IAN DAWES, Petitioner, v DONALD SELSKY, as Director of Special Housing/Inmate Disciplinary Program, Respondent. (Appeal No. 1.) [673 NYS2d 1024] —Proceeding unanimously dismissed without costs as moot (*see, Matter of Gonzalez v Jones*, 115 AD2d 849). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Cayuga County, Corning, J.) Present—Pine, J. P., Lawton, Hayes, Callahan and Boehm, JJ.

■ In the Matter of IAN DAWES, Petitioner, v DONALD SELSKY, as Director of Special Housing/Inmate Disciplinary Program, Respondent. (Appeal No. 2.) [— NYS2d —] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: Contrary to the contention of petitioner, the determination that he violated inmate rules 113.10 (7 NYCRR 270.2 [B] [14] [i] [possession of contraband]) and 114.10 (7 NYCRR 270.2 [B] [15] [i] [smuggling]) is supported by substantial evidence (*see, Matter of Mabery v Coughlin*, 168 AD2d 879, *lv denied* 77 NY2d 808; *Matter of Shakoor v Coughlin*, 165 AD2d 917, 918, *appeal dismissed* 77 NY2d 866). Petitioner was not denied his right to present evidence in support of his defense; he failed to show that the documentary evidence and testimony he sought to present at the hearing were relevant to the charges against him (*see, Matter of Hendricks v Scully*, 206 AD2d 427). Further, even assuming, arguendo, that petitioner exhausted his administrative remedies with re-