In the Matter of LEONARD HOOPER, Petitioner, v GLENN S. GOORD, as Commissioner of New York State Department of Correctional Services, Respondent. [668 NYS2d 800] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: Petitioner was found guilty after a Tier III hearing of violating inmate rules 106.10, refusing a direct order (7 NYCRR 270.2 [B] [7] [i]), and 113.12, possession of a controlled substance (7 NYCRR 270.2 [B] [14] [iii]). We reject petitioner's contention that the determination of the Hearing Officer is not supported by substantial evidence (*see, People ex rel. Vega v Smith*, 66 NY2d 130, 139). "The misbehavior report and the testimony of the correction officer who prepared the report, stating that he observed petitioner pass a white packet to a fellow inmate, together with the results of the drug test on the packet after it was seized, provide the necessary evidentiary support for the determination" (*Matter of Valera v Selsky*, 185 AD2d 481). The testimony of petitioner that the officers observed him passing a note to the inmate in cell 12 rather than a packet to the inmate in cell 13 did not, under the circumstances, require the Hearing Officer to conduct further inquiry prior to making his determination (*see, e.g., People ex rel. Vega v Smith, supra*, at 140). As respondent notes, petitioner failed to identify the inmate to whom he allegedly passed the note, nor did he seek to call that inmate as a witness or to produce the note.

Petitioner also contends that the fact that the Hearing Of-

ficer who conducted his hearing also conducted the hearing for the inmate to whom petitioner allegedly passed the packet of marihuana is evidence in and of itself that the Hearing Officer did not act in a fair and impartial manner. That contention is without merit "[i]n the absence of support in the record for the claim of bias and proof that the outcome of the hearing flowed from the alleged bias" (*Matter of Nieves v Coughlin*, 157 AD2d 943, 944). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Denman, P. J., Green, Hayes, Balio and Fallon, JJ.