■ In the Matter of Louis ARVINGER, Petitioner, v GLENN S. GOORD, as Commissioner of New York State Department of Correctional Services, Respondent. [679 NYS2d 923] —Determination unanimously modified on the law and as modified

confirmed without costs and matter remitted to respondent for further proceedings in accordance with the following Memorandum: Following a Tier III disciplinary proceeding, petitioner was found guilty of violating inmate rule 107.11 (7 NYCRR 270.2 [B] [8] [ii] [harassment]) on two separate occasions and inmate rule 113.10 (7 NYCRR 270.2 [B] [14] [i] [possession of a weapon]). Because petitioner did not raise the issue of insufficient evidence regarding the first harassment charge on his administrative appeal, he failed to exhaust his administrative remedies with respect to that issue, and this Court has no discretionary power to review it (*see, Matter of Nelson v Coughlin*, 188 AD2d 1071, *appeal dismissed* 81 NY2d 834). In any event, the issue lacks merit (*see, Matter of Grant v Goord*, 247 AD2d 662; *People ex rel. Friedrich v Smith*, 106 AD2d 911, 912). The misbehavior report constitutes substantial evidence to support the determination that petitioner violated inmate rule 113.10 (*see, Matter of Bryant v Coughlin*, 77 NY2d 642, 647; *People ex rel. Vega v Smith*, 66 NY2d 130, 139). Petitioner's defense to the weapons charge, along with the other testimony, raised an issue of credibility for the Hearing Officer to resolve (*see, Matter of Allen v Goord*, 252 AD2d 973; *Matter of Lee v Goord*, 244 AD2d 969). Respondent concedes that the evidence is insufficient to support the determination that petitioner is guilty of the second harassment charge. We therefore modify the determination and grant in part the petition by annulling the determination of a second violation of inmate rule 107.11. Because one penalty was imposed and the record does not specify any relation between the violations and the penalty, we further modify the determination by vacating the penalty, and we remit the matter to respondent for imposition of an appropriate penalty on the remaining violations (*see, Matter of Brooks v Coughlin*, 182 AD2d 1115, 1116). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Denman, P. J., Green, Pine, Hayes and Boehm, JJ.