In the Matter of CHRISTOPHER CIOTOLI, Petitioner, v GLENN S. GOORD, as Commissioner of New York State Department of Correctional Services, Respondent. [683 NYS2d 683] —Determination unanimously confirmed without costs and amended petition dismissed. Memorandum: The positive result of the EMIT test, which was confirmed with the result of a second EMIT test, constitutes substantial evidence to support the determination that petitioner violated inmate rule 113.12 (7 NYCRR 270.2 [B] [14] [iii] [use of a controlled substance]) (see, Matter of Lahey v Kelly, 71 NY2d 135, 138; Matter of Montalalou v Coombe, 242 AD2d 917, lv denied 91 NY2d 805). Petitioner contends that the specimen bottle was not properly labeled with his identification, in violation of 7 NYCRR 1020.4 (d) (2). A correction officer testified to the contrary, however, thus raising a credibility issue for the Hearing Officer to resolve (see, Matter of Allen v Goord, 252 AD2d 973). Petitioner further contends that the correction officer failed to record the medications that petitioner was currently using, as required by 7 NYCRR 1020.4 (d) (2). The correction officer testified at the hearing that petitioner had informed him that he was not taking any medication but that he had neglected to record that on the form. Thus, the correction officer reasonably complied with the regulations governing urinalysis testing (see, Matter of Comfort v Irvin, 197 AD2d 907, lv denied 82 NY2d 662; Matter of Melette v Berry, 181 AD2d 950, lv dismissed 80 NY2d 1022). In any event, any error is harmless because the facility pharmacist reported that petitioner did not use any medication that would interfere with the cannabinoid assay. The correction officer also reasonably complied with 7 NYCRR 1020.4 (d) (3) when he conducted a pat-down frisk of petitioner after petitioner submitted a urine specimen (see, Matter of Comfort v Irvin, supra). Furthermore, petitioner has not shown any prejudice from the failure of the correction officer to frisk him before he submitted a urine specimen.

Contrary to petitioner's contention, because the urine specimen was to be tested immediately, refrigeration was not required (*see,* 7 NYCRR 1020.4 [e] [1] [ii]). Furthermore, the testing could be performed by one individual, instead of two (*see,* 7 NYCRR 1020.4 [e] [1] [iv]). There was no error in the Hearing Officer's refusal to produce documents that were not relevant (*see, Matter of Dawes v Selsky* [appeal No. 2], 242 AD2d 907; *Matter of Shapard v Coombe,* 234 AD2d 744), nor is there an obligation to produce documents that do not exist (*see, Matter of Green v Coombe,* 234 AD2d 756, 757). The Hearing Officer properly refused to call a witness whose testimony would be irrelevant to the proceeding (*see, Matter of Ortiz v Rourke,* 241 AD2d 962, 963). The record does not support petitioner's contention that the Hearing Officer was biased or that the determination flowed from the alleged bias (*see, Matter of Dawes v Selsky, supra; Matter of Ortiz v Rourke, supra,* at 963). Because the penalty guidelines issued by the Department of Correction are discretionary and flexible and not a " 'fixed, general principle' ", they were not required to be filed with the Secretary of State (*Matter of New York City Tr. Auth. v New York State Dept. of Labor,* 88 NY2d 225, 229; *see,* NY Const, art IV, § 8; State Administrative Procedure Act § 102 [2] [b] [i]). Finally, the penalty is not so disproportionate to the offense as to be shocking to one's sense of fairness (*see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 233; *Matter of Rivera v Goord,* 248 AD2d 902; *Matter of Davidson v Coughlin,* 219 AD2d 843, 844, *lv denied* 87 NY2d 808). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Denman, P. J., Hayes, Pigott, Jr., Callahan and Fallon, JJ.