■■■ In the Matter of JOSEPH RUCCO, Petitioner, v GLENN S. GOORD, as Commissioner of New York State Department of Correctional Services, Respondent. [685 NYS2d 141] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: The misbehavior report, supplemented by the testimony of the correction officers and supporting documentation, provides substantial evidence to support the Hearing Officer's determination that petitioner violated inmate rule 113.12 (7 NYCRR 270.2 [B] [14] [iii]) by using marihuana (*see*, *Matter of Lahey v Kelly*, 71 NY2d 135; *People ex rel. Vega v Smith*, 66 NY2d 130, 139). Petitioner's contention that the first urine sample was improperly collected and documented lacks merit. That sample was discarded shortly after it was obtained and was never tested. The second sample was properly obtained and documented and formed the basis for the Hearing Officer's determination.

We reject the contention of petitioner that he was deprived of his right to a fair hearing by an impartial Hearing Officer. The record does not establish "that the Hearing Officer was biased or that the outcome of the hearing flowed from such bias" (*Matter of Parker v Coughlin*, 211 AD2d 929; *see*, *Matter of Martinez v Scully*, 194 AD2d 679). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Green, J. P., Pine, Wisner, Callahan and Boehm, JJ.