■ In the Matter of LUIS RIVERA, Petitioner, v DONALD SELSKY, as Director of Special Housing/Inmate Disciplinary Programs, Respondent. [693 NYS2d 469] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: Petitioner challenges a prison disciplinary determination finding him guilty of violating inmate rules 104.10 (7 NYCRR 270.2 [B] [5] [i] [rioting]), 104.11 (7 NYCRR 270.2 [B] [5] [ii] [engaging in violent conduct]) and 100.10 (7 NYCRR 270.2 [B] [1] [i] [assaulting an inmate]). Respondent contends that the proceeding must be dismissed for lack of jurisdiction. Although Supreme Court should have ruled on respondent's lack of jurisdiction defense prior to transfer (see, CPLR 7804 [g]), the record does not support that defense. The order to show cause allegedly directing the manner of service of the petition is not part of the record, and thus we are unable to consider respondent's contention.

Petitioner contends that the Hearing Officer erred in denying his request to call witnesses and in failing to provide him with written notice of the reasons for the denial (see, 7 NYCRR 254.5 [a]). Petitioner did not raise those contentions on his administrative appeal and thus has failed to exhaust his

administrative remedies with respect to those contentions, and this Court has no power to review them (*see, Matter of Agosto v Goord*, 261 AD2d 888; *Matter of Arvinger v Goord*, 255 AD2d 940). Petitioner further contends that he was not allowed to use the videotape of the incident to cross-examine the reporting correction officer. Petitioner never made that request to the Hearing Officer and thus failed to preserve for our review his current objection to the use of the videotape (*see, Matter of Reeves v Goord*, 248 AD2d 994, *lv denied* 92 NY2d 804). In any event, petitioner viewed the videotape in the Hearing Officer's presence and was allowed to ask numerous questions of the correction officer. The Hearing Officer also reviewed the videotape on several occasions and stated on the record that it showed the backs of the heads of those participating in the riot and assault and thus was of limited probative value.

Petitioner also contends that he did not receive documents that he had requested in his inmate assistance form. Petitioner, however, did not raise that contention at the hearing and did not object during the hearing that he was unable to use the requested documents. Thus, the issue is not preserved for our review (*see, Matter of Reeves v Goord, supra*). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Oneida County, Shaheen, J.) Present—Denman, P. J., Lawton, Hurlbutt, Scudder and Balio, JJ.