■ In the Matter of IAN DAWES, Petitioner, v DONALD SELSKY as Director of Special Housing/Inmate Disciplinary Programs, Respondent. [696 NYS2d 327] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: The misbehavior report, together with the testimony of its author, constitutes substantial evidence to support the determination that petitioner violated various inmate rules in connection with his fight with another inmate (*see, Matter of Bryant v Coughlin,* 77 NY2d 642, 647; *People ex rel. Vega v Smith,* 66 NY2d 130, 139). Petitioner contends that respondent violated the rules and regulations of the Department of Correctional Services by assigning an employee assistant to him after petitioner's three choices of employee assistants were not available. We disagree. Petitioner was properly provided with "the opportunity to pick an employee from an established list of persons" to assist him in his defense (7 NYCRR 251-4.1 [a]). Nor was petitioner's conditional right to call witnesses violated when the Hearing Officer refused to call witnesses whose testimony would be irrelevant to the proceeding (*see,* 7 NYCRR 254.5 [a]; *Matter of Ortiz v Rourke,* 241 AD2d 962, 963; *Matter of Barranco v Coughlin,* 222 AD2d 904, 905; *Matter of Crandall v Coughlin,* 219 AD2d 823, 824). The Hearing Officer properly refused to produce documents that were not relevant (*see, Matter of Ciotoli v Goord,* 256 AD2d 1192; *Matter of Dawes v Selsky* [appeal No. 2], 242 AD2d 907). Finally, the record does not support petitioner's contention that the Hearing Officer was biased or that the outcome of the hearing flowed from such bias (*see, Matter of Ciotoli v Goord, supra; Matter of Crandall v Coughlin,* 219 AD2d 823, 823-824). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Cayuga County, Corning, J.) Present—Pine, J. P., Hayes, Wisner, Scudder and Balio, JJ.