◼ In the Matter of TERRENCE JAMES, Petitioner, v VICTOR HERBERT, as Superintendent of Collins Correctional Facility, et al., Respondents. [696 NYS2d 607] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: The determination that petitioner violated inmate rule 113.24 (7 NYCRR 270.2 [B] [14] [xv]) is supported by substantial evidence (*see, Matter of Lahey v Kelly,* 71 NY2d 135, 138). The Hearing Officer properly relied on the testimony of a correction officer, who was both knowledgeable and experienced with respect to the SYVA Emit test, that second-hand marihuana smoke would not produce a positive result in the tests for cannabinoids (*see, Matter of Martinez v Costello,* 251 AD2d 994; *cf., Matter of Rashid v Coombe,* 239 AD2d 954). That correction officer based his conclusion in part upon a conversation with a SYVA representative. Petitioner's contentions that the Hearing Officer should have recorded that conversation, inquired into when or with whom the conversation took place or contacted SYVA himself are not preserved for our review (*see, Matter of Rivera v Selsky,* 263 AD2d 955; *Matter of Reeves v Goord,* 248 AD2d 994, *lv denied* 92 NY2d 804). The record does not support the contention that petitioner was not provided with the calibration forms he requested for the tests performed on his urine sample. The employee assistant form, signed by petitioner, indicates that he received the requested forms. Finally, the three- or four-minute gap in the transcript "was not 'so significant as to preclude meaningful review of the proceeding[ ], particularly as [it] relates to petitioner's [legal] arguments' " (*Matter of Crandall v Coughlin,* 219 AD2d 823, quoting *Matter of Fletcher v Selsky,* 199 AD2d 865, 866, *lv denied* 83 NY2d 753). (CPLR art 78 Proceeding Transferred by Order of

Supreme Court, Erie County, Dillon, J.) Present—Green, J. P., Lawton, Pigott, Jr., Hurlbutt and Callahan, JJ.