■ In the Matter of ANGEL RODRIGUEZ, Petitioner, v VICTOR HERBERT, as Superintendent of Collins Correctional Facility, Respondent. [706 NYS2d 284] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: Petitioner commenced this proceeding seeking to annul a determination that he violated inmate rule 118.10 (7 NYCRR 270.2 [B] [19] [i] [starting a fire]). The misbehavior report and the testimony of its author, together with confidential information provided by informants, constitute substantial evidence supporting the determination (*see, Matter of Abdur-Raheem v Mann,* 85 NY2d 113, 123; *Matter of Rose v Goord,* 259 AD2d 806, *lv denied* 93 NY2d 810). Although the Hearing Officer did not personally interview the confidential informants, he made an independent assessment of their reliability based on the nature of the information provided and the fact that similar information came from unrelated sources (*see generally, Matter of Abdur-Raheem v Mann, supra,* at 119-120, 123; *Matter of Franklin v Hoke,* 174 AD2d 908). Upon our in camera review of the confidential information, we conclude that the Hearing Officer properly made that assessment based upon the objective nature of the proof therein.

Contrary to petitioner's contention, the author of the misbehavior report did not have to witness the incident, as long as he "has ascertained the facts of the incident", which he did by interviewing numerous inmates (7 NYCRR 251-3.1 [b]; *see, Matter of Muhammad v Coombe,* 237 AD2d 993, 994). We reject the contentions of petitioner with regard to his inmate assistant. A prison disciplinary hearing "may not be held until 24 hours after the assistant meets with the inmate" (7 NYCRR 253.6 [a]). Here, the hearing began but was stopped as soon as the Hearing Officer learned that petitioner had not yet met with his assistant. The hearing continued two days after petitioner had an opportunity to meet with his assistant, and thus there was reasonable compliance with the regulations. Petitioner received meaningful employee assistance (*see,* 7 NYCRR 251-4.2; *Matter of Joyce v Goord,* 246 AD2d 926, 927; *Matter of Ortiz v Rourke,* 241 AD2d 962, 963). In any event,

petitioner failed to show that he was prejudiced by his assistant's alleged inadequacies (*see, Matter of Konigsberg v Selsky,* 255 AD2d 702, 703; *Matter of Serrano v Coughlin,* 152 AD2d 790, 792).

The Hearing Officer did not err in failing to call as a witness a correction officer who could not provide testimony relevant to the proceeding (*see, Matter of Ortiz v Rourke, supra,* at 963). Although the Hearing Officer did not give a written statement to petitioner concerning the refusal to call the witness (*see,* 7 NYCRR 254.5 [a]), annulment of the determination is not required because the Hearing Officer placed on the record the reasons for the denial (*see, Matter of McCorkle v Coughlin,* 194 AD2d 1034, 1035).

The record does not support petitioner's contention that the Hearing Officer was biased or that the determination flowed from the alleged bias (*see, Matter of Hooper v Goord,* 247 AD2d 884; *Matter of Dawes v Selsky* [appeal No. 2], 242 AD2d 907; *Matter of Ortiz v Rourke, supra,* at 963). Finally, we have considered petitioner's remaining contentions and conclude that they are lacking in merit. (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Erie County, Fahey, J.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt, Scudder and Kehoe, JJ.