■ In the Matter of RICARDO A. DI ROSE, Petitioner, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Respondent. [714 NYS2d 161] —Mugglin, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged with violating several prison disciplinary rules arising out of his participation in a fraudulent check-cashing scheme during the period from June 1996 through August 1996. According to the misbehavior report, dated June 3, 1998, petitioner participated in an ongoing conspiracy to cash fraudulent checks that he generated on the facility's computer, using check paper purchased at his request by a third party. During the same time period, petitioner was also alleged to have engaged in other unauthorized activity, including placing third-party telephone calls through his paramour and soliciting credit card accounts. Following a tier III disciplinary hearing, petitioner was found guilty of counterfeiting, soliciting, third-party telephone calls, possessing contraband and committing a Penal Law offense. On administrative appeal the determination was modified by dismissing the Penal Law offense charge and reducing the penalty imposed. Petitioner commenced this CPLR article 78 proceeding challenging the determination.

First, we find no merit to petitioner's contention that his confinement to the special housing unit required commencement of the disciplinary hearing within seven days of the commencement of said confinement. On August 22, 1996, petitioner was placed in the special housing unit under 7 NYCRR 301.7 on the basis that, as a result of the ongoing investigation, petitioner was considered a threat to the safety, security and good order of the facility. Confinement of petitioner under these circumstances does not trigger the requirement that a disciplinary hearing be held within seven days of the commencement of confinement. First, petitioner was not confined pending a disciplinary hearing or Superintendent hearing as required by the regulation (*see,* 7 NYCRR 251-5.1; *Matter of Diaz v Coughlin*, 134 AD2d 668). Second, even if we were to construe the

confinement as being related to a pending hearing, it is well settled that the time limitation of this regulation is directory and not mandatory (*see, Matter of Covington v Stinson,* 221 AD2d 739, *lv denied* 87 NY2d 810; *Matter of Taylor v Coughlin,* 135 AD2d 992, 993).

We find merit to petitioner's contention that his due process rights were violated because the misbehavior report was not prepared until nearly two years following the charged conduct. When an inmate engages in misbehavior involving danger to life, health, security or property, a written report with respect thereto must be made as soon as practicable (*see,* 7 NYCRR 251-3.1 [a]). Here, respondent seeks to justify the two-year delay in the issuance of the misbehavior report due to the desire to wait until the investigation and prosecution of petitioner by the Federal government were completed. Respondent claims that the Federal investigation and prosecution of petitioner was not concluded until petitioner's sentencing on May 27, 1998 and that, therefore, the misbehavior report issued on June 3, 1998 meets the requirements of the regulation.

Our review of the record reveals that the investigation of the conduct forming the basis for the misbehavior report concluded no later than February 1997. Contrary to the testimony of the principal investigator that the investigation culminated upon petitioner's conviction in Federal court in May 1998, the record fails to detail any substantive investigative steps taken following the confiscation of material from petitioner's cell in February 1997. Likewise, the record does not contain any factual support for the administrative decision to postpone any disciplinary action until after the Federal investigation and prosecution of petitioner were completed. Although due process is not violated by delay in the absence of prejudice (*see, People ex rel. Friedrich v Smith,* 106 AD2d 911), petitioner claimed prejudice as the result of the unavailability of various witnesses through death and release on parole. In view of these circumstances, we agree with petitioner's contention that the misbehavior report was not issued as soon as practicable as required by the regulation and that such delay violated his due process rights.

In view of this conclusion, we have not considered the balance of petitioner's contentions.

Cardona, P. J., Crew III, Carpinello and Graffeo, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and respondent is directed to expunge all references to this matter from petitioner's institutional record.