In the Matter of ALEJANDRO IZQUIERDO, Petitioner, v GLENN S. GOORD, as Commissioner of New York State Department of Correctional Services, Respondent. [730 NYS2d 909] —Determination unanimously modified on the law and as modified confirmed without costs and matter remitted to respondent for further proceedings in accordance with the following Memorandum: Petitioner challenges the determination following a Tier III hearing that he violated inmate rules 180.11 (7 NYCRR 270.2 [B] [26] [ii] [failing to follow facility correspondence procedures]) and 180.17 (7 NYCRR 270.2 [B] [26] [vii] [providing unauthorized legal assistance to another inmate]). We reject petitioner's contention that the letter that led to the charges was improperly designated third-party mail, opened and read. Under the regulations, the letter was properly considered to be possible third-party mail and read (*see,* 7 NYCRR 720.4).

We further reject the contention of petitioner that he was deprived of due process by the Hearing Officer's alleged lack of impartiality and lack of knowledge of administrative policies and the law. Petitioner failed to establish that the Hearing Officer was biased or that the determination flowed from the alleged bias (*see, Matter of Hooper v Goord*, 247 AD2d 884). In addition, petitioner was not prejudiced by the Hearing Officer's initial uncertainty whether the letter in question was in fact third-party mail, nor has he demonstrated that he was prejudiced by his denial of access to the permanent record of a fellow inmate (*see generally, Matter of Fletcher v Selsky*, 199 AD2d 865, 866, *lv denied* 83 NY2d 753).

We conclude, however, that it was inconsistent for the Hear-

ing Officer to find petitioner not guilty of violating inmate rule 103.20 (7 NYCRR 270.2 [B] [4] [ii] [unauthorized solicitation of goods or services]) but guilty of violating inmate rule 180.11, upon which the alleged violation of inmate rule 103.20 was based. The determination that petitioner violated inmate rule 180.17 is, however, supported by substantial evidence (*see generally, People ex rel. Vega v Smith*, 66 NY2d 130, 139). We therefore modify the determination and grant the petition in part by annulling the determination that petitioner violated inmate rule 180.11. "Because one penalty was imposed and the record fails to specify any relation between the violations and the penalty" (*Matter of Anderson v Goord*, 270 AD2d 836), we further modify the determination by vacating the penalty imposed, and remit the matter to respondent for imposition of an appropriate penalty on the remaining violation. (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Oneida County, Murad, J.) Present—Wisner, J. P., Hurlbutt, Scudder, Kehoe and Burns, JJ.