Matter of Ballard v Kickbush (2018 NY Slip Op 06638)





Matter of Ballard v Kickbush


2018 NY Slip Op 06638


Decided on October 5, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND TROUTMAN, JJ.


893 TP 18-00274

[*1]IN THE MATTER OF DARNELL BALLARD, PETITIONER,
v
SUSAN KICKBUSH, SUPERINTENDENT, GOWANDA CORRECTIONAL FACILITY, RESPONDENT. 






DARNELL BALLARD, PETITIONER PRO SE. 
BARBARA D. UNDERWOOD, ATTORNEY GENERAL, ALBANY (MARCUS J. MASTRACCO OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Christopher J. Burns, J.], entered February 14, 2018) to review two determinations of respondent. The determinations found after separate tier II hearings that petitioner had violated various inmate rules. 
It is hereby ORDERED that the determinations are unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determinations, following separate tier II disciplinary hearings, that he violated the inmate rules alleged in two unrelated misbehavior reports. Petitioner was charged in the first misbehavior report with violating inmate rules 106.10 (7 NYCRR 270.2 [B] [7] [i] [refusing direct order]), 121.12 (7 NYCRR 270.2 [B] [22] [iii] [telephone program violation]), and 181.10 (7 NYCRR 270.2 [B] [27] [i] [noncompliance with hearing disposition]). Petitioner was thereafter charged in the second misbehavior report with violating inmate rules 100.13 (7 NYCRR 270.2 [B] [1] [iv] [fighting]) and 104.11 (7 NYCRR 270.2 [B] [5] [ii] [violent conduct]).
Contrary to petitioner's contention, a misbehavior report standing alone can constitute substantial evidence in support of the determination that he violated inmate rules, and we conclude that both misbehavior reports did so here (see Matter of Perez v Wilmot, 67 NY2d 615, 616-617 [1986]; Matter of McMillian v Lempke, 149 AD3d 1492, 1493 [4th Dept 2017], appeal dismissed 30 NY3d 930 [2017]). With respect to the first misbehavior report, any inconsistencies in the correction officer's description of the incident in that report presented a credibility issue for the Hearing Officer to resolve (see Matter of Foster v Coughlin, 76 NY2d 964, 966 [1990]). With respect to the second misbehavior report, petitioner's claim that he was merely defending himself and never threw a closed fist punch also presented an issue of credibility for resolution by the Hearing Officer (see id.).
With respect to both misbehavior reports, the record does not establish " that the Hearing Officer was biased or that the determination[s] flowed from the alleged bias' " (Matter of Colon v Fischer, 83 AD3d 1500, 1501 [4th Dept 2011]; see Matter of Rodriguez v Herbert, 270 AD2d 889, 890 [4th Dept 2000]). "The mere fact that the Hearing Officer ruled against . . . petitioner is insufficient to establish bias" (Matter of Edwards v Fischer, 87 AD3d 1328, 1329 [4th Dept 2011] [internal quotation marks omitted]; see Matter of Wade v Coombe, 241 AD2d 977, 977 [4th Dept 1997]).
With respect to the first misbehavior report, the Hearing Officer properly denied petitioner's request to call as a witness a prison employee who could testify whether the [*2]telephone was actually being used during the time that the officer observed petitioner on the telephone inasmuch as such testimony is not relevant (see Matter of Cunningham v Annucci, 153 AD3d 1491, 1492 [3d Dept 2017]). Although an inmate has a "conditional right" to call witnesses (Matter of Dawes v Selsky, 265 AD2d 825, 825 [4th Dept 1999], lv denied 94 NY2d 756 [1999]), an inmate is not entitled to call witnesses whose testimony is immaterial or redundant (see 7 NYCRR 254.5 [a]). Here, the proposed witness testimony is not relevant because, even if petitioner was caught by the officer before he actually dialed a number, his attempt to use the telephone is a violation of the inmate rule (see 7 NYCRR 270.3 [b]; see generally Matter of Melendez v Goord, 242 AD2d 881, 881 [4th Dept 1997]).
Petitioner's remaining contentions are not preserved for our review because petitioner failed to raise them at his hearing (see Matter of Allah v Fischer, 118 AD3d 1507, 1507 [4th Dept 2014]), and he failed to exhaust his administrative remedies with respect to them because he did not raise them on his administrative appeal (see Matter of Stewart v Fischer, 109 AD3d 1122, 1123 [4th Dept 2013], lv denied 22 NY3d 858 [2013]; Matter of Nelson v Coughlin, 188 AD2d 1071, 1071 [4th Dept 1992], appeal dismissed 81 NY2d 834 [1993]).
Entered: October 5, 2018
Mark W. Bennett
Clerk of the Court