■ In the Matter of WILLIE DAVIS, Petitioner, v STATE OF NEW YORK et al., Respondents. [907 NYS2d 341]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Following a physical altercation with his cell mate, petitioner was served with two misbehavior reports charging him with, as relevant here, assaulting an inmate, fighting, possessing a weapon and refusing a direct order. A tier III disciplinary hearing was held, after which petitioner was found guilty of the enumerated charges. The determination was upheld on administrative appeal, after which petitioner commenced this CPLR article 78 proceeding.*

We confirm. Petitioner first contends that the Hearing Officer should have recused himself because he was the supervisor of double bunks at the time of the incident and petitioner had made several requests for a transfer because he was experiencing problems with his cell mate. Regardless of whether

* We note that this proceeding was improperly transferred to this Court inasmuch as the petition failed to raise a question of substantial evidence (see Matter of West v Bezio, 63 AD3d 1464, 1465 n [2009]). However, in the interest of judicial economy, we will retain jurisdiction and address the merits.

petitioner's assertion is true, we find it irrelevant to the determination of guilt, particularly where petitioner admitted to initiating the fight with his cell mate (*see generally Matter of Pettus v New York State Dept. of Correctional Servs.*, 70 AD3d 1164 [2010]; *Matter of Partee v Bezio*, 67 AD3d 1224, 1225 [2009], *lv denied* 14 NY3d 702 [2010]). Furthermore, we find that petitioner was not improperly denied the right to call certain correction officers to testify to the fact that he had requested a transfer, as the officers had no direct knowledge of the incident in question and their testimony would have been redundant given that the Hearing Officer acknowledged that petitioner had made such a request (*see Matter of Williams v Fischer*, 69 AD3d 1278, 1278-1279 [2010]; *Matter of McLean v Fischer*, 63 AD3d 1468, 1469 [2009]).

We have examined petitioner's remaining contentions and find them to be either unpreserved or without merit.

Mercure, J.P., Rose, Kavanagh, Stein and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.