■ In the Matter of ADRIAN LOPEZ, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, et al., Respondents. [920 NYS2d 487]—

Appeal from a judgment of the Supreme Court (Hayden, J.), entered July 13, 2010 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Central Office Review Committee denying petitioner's grievance.

Petitioner, a prison inmate, requested that he be placed in protective custody claiming that, because of the crime for which he was convicted, fellow inmates have threatened his life and made several attempts to stab him while he has been incarcerated. When protective custody was denied, petitioner filed a grievance complaining of that decision and requesting an investigation. Following an investigation, prison officials concluded that petitioner was in no imminent danger and denied the grievance. The grievance was ultimately denied by the Central Office Review Committee (hereinafter CORC), which determined that the incident had been properly investigated and that, in any event, petitioner was confined to the special

housing unit for a substantial amount of time and, therefore, protective custody was not needed at that time. Thereafter, petitioner commenced this CPLR article 78 proceeding to challenge that determination. Supreme Court dismissed the petition and petitioner now appeals.

We affirm. In order to prevail, petitioner has the burden of demonstrating that CORC's determination was arbitrary and capricious or without a rational basis (*see Matter of Green v Bradt*, 69 AD3d 1269, 1270 [2010], *lv denied* 14 NY3d 710 [2010]; *Matter of Patel v Fischer*, 67 AD3d 1193, 1193 [2009], *lv denied* 14 NY3d 703 [2010]). Here, when CORC rendered its decision, petitioner was scheduled to be confined to the special housing unit for more than 10 months and, therefore, we find the denial of his grievance to be rational.

Spain, J.P., Lahtinen, Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.