■ In the Matter of MELVIN C. LEWIS, Petitioner, v WILLIAM R. LAPE, as Superintendent of Coxsackie Correctional Facility, et al., Respondents. [934 NYS2d 358]—

Mercure, A.P.J.

Petitioner, a prison inmate, was charged in three misbehavior reports with violating various prison disciplinary rules, several of which relate to the unauthorized possession of Uniform Commercial Code (hereinafter UCC) materials. Following three tier III disciplinary hearings, petitioner was found guilty of all charges, and those determinations were thereafter upheld upon administrative review. Petitioner also filed a grievance challenging the departmental regulations pertaining to UCC materials, which was ultimately denied by the Central Office Review Committee. He then commenced this CPLR article 78 proceeding challenging all four determinations.*

We confirm. With regard to petitioner's grievance, we conclude that the rules and regulations pertaining to UCC materials (*see* 7 NYCRR 720.4 [d] [7]; 721.2 [b] [6]; 721.3 [a] [2]) were timely filed with the Secretary of State's office. Furthermore, those rules and regulations do not violate either the US or NY Constitution, inasmuch as they are reasonably related to the penological interest of preventing harm to innocent victims of unauthorized filings, and the objective being promoted outweighs the minimal burden of requiring prisoners to receive permission prior to obtaining UCC materials for legitimate purposes (*see Turner v Safley*, 482 US 78, 89-90 [1987]; *Matter of Lucas v Scully*, 71 NY2d 399, 405-406 [1988]). Accordingly, the denial of petitioner's grievance was not arbitrary and capricious or without a rational basis (*see Matter of Lopez v*

---

* Inasmuch as the petition did not raise a question of substantial evidence, this proceeding was improperly transferred to this Court (*see Matter of Davis v State of New York*, 75 AD3d 1022, 1022 n [2010]). Nonetheless, we will retain jurisdiction and address the merits in the interest of judicial economy.

*Fischer,* 83 AD3d 1230, 1231 [2011], *lv denied* 17 NY3d 709 [2011]).

Turning to petitioner's procedural contentions regarding the disciplinary hearings, we reject his assertion that he was improperly denied his right to call the superintendent of the facility as a witness. The subject of the proposed testimony was irrelevant to the proceedings (*see Matter of Bunting v Fischer,* 85 AD3d 1473, 1474 [2011], *lv denied* 17 NY3d 712 [2011]; *Matter of Demarta v Prack,* 85 AD3d 1475, 1476 [2011]). Petitioner's remaining contentions were not raised at the hearings and are thus unpreserved for our review (*see Matter of Evans v Bezio,* 84 AD3d 1622, 1623 [2011]; *Matter of Abreu v Fischer,* 83 AD3d 1348, 1348-1349 [2011]).

Malone Jr., Stein, McCarthy and Egan Jr., JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.

