■ In the Matter of ROBERTO CIAPRAZI, Appellant, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, et al., Respondents. [944 NYS2d 795]—

Appeals (1) from a judgment of the Supreme Court (Lynch, J.), entered November 30, 2010 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Central Office Review Committee denying his grievance, and (2) from a judgment of said court, entered June 16, 2011 in Albany County, which denied petitioner's motion for reconsideration.

In 2009, the Legislature enacted Correction Law § 803-b, which authorized the Department of Corrections and Community Supervision to issue "[l]imited credit time allowances" (hereinafter LCTAs) to inmates who met certain criteria, including, as is relevant herein, those who successfully participated as an inmate program associate (hereinafter IPA) for a period of at least two years (Correction Law § 803-b, as added by L 2009, ch 56, § 1, part L, § 4).* Consequently, respondent Deputy Commissioner for Program Services issued a memorandum to the inmate population listing the program titles under the IPA provision of Correction Law § 803-b that qualify for the purpose of LCTAs. Petitioner, who served as a library clerk, filed a grievance alleging that law library clerks were improperly excluded

---

* The effect of earning LCTAs rendered those inmates eligible for conditional release or parole consideration six months earlier than they would have been otherwise (*see* Correction Law § 803-b [1] [b] [i], [ii] [A]).

from the list of program titles eligible for LCTAs pursuant to Correction Law § 803-b. The grievance was ultimately denied by the Central Office Review Committee and petitioner then commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition. The court thereafter denied petitioner's subsequent motion for reconsideration. These appeals ensued.

We affirm. Neither the law library directive nor any other evidence in the record establishes that the IPA training is or ever was necessary in order to serve as a law library clerk. Absent such evidence, petitioner did not meet his burden of demonstrating that the determination of the Central Office Review Committee was either irrational or arbitrary and capricious (*see Matter of Abreu v Fischer*, 87 AD3d 1213, 1214 [2011]; *Matter of Lopez v Fischer*, 83 AD3d 1230, 1231 [2011], *lv denied* 17 NY3d 709 [2011]).

We have reviewed petitioner's challenge to the denial of his motion for reconsideration and find it to be without merit.

Peters, P.J., Lahtinen, Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the judgments are affirmed, without costs.