In the Matter of ANTHONY AMAKER, Appellant, v BRIAN FISCHER, Commissioner, New York State Department of Corrections and Community Supervision, Respondent. [977 NYS2d 539]—

Appeal from a judgment of the Supreme Court, Wyoming County (Mark H. Dadd, A.J.), entered September 6, 2012 in a CPLR article 78 proceeding. The judgment, inter alia, denied the petition.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78

proceeding seeking to annul the determination that he violated three inmate rules. Contrary to petitioner's contention, the record does not establish that the Hearing Officer was biased or that the determination flowed from the alleged bias (*see Matter of Rodriguez v Herbert*, 270 AD2d 889, 890 [2000]). Also contrary to petitioner's contention, the Hearing Officer did not improperly deny petitioner his right to call the superintendent of the facility or the pharmacist as witnesses inasmuch as the subject of their proposed testimony was irrelevant to the proceedings (*see Matter of Lewis v Lape*, 90 AD3d 1259, 1260 [2011], *lv denied* 18 NY3d 809 [2012]). Finally, petitioner's contention that he should have been able to admit Directive 4910 in evidence because the search was improper is not properly before us, inasmuch as he failed to exhaust his administrative remedies with respect to that contention (*see Matter of Kearney v Village of Cold Spring Zoning Bd. of Appeals*, 83 AD3d 711, 713 [2011]), and we conclude that the Hearing Officer did not act improperly in removing petitioner from the hearing (*see Matter of Barnes v Prack*, 101 AD3d 1277, 1278 [2012]). Present—Smith, J.P., Fahey, Lindley, Valentino and Whalen, JJ.