# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**736**

**CA 13-00626**

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, VALENTINO, AND DEJOSEPH, JJ.

---

IN THE MATTER OF NATHANIEL JAY,
PETITIONER-APPELLANT,

V                                                  MEMORANDUM AND ORDER

BRIAN FISCHER, COMMISSIONER, NEW YORK
STATE DEPARTMENT OF CORRECTIONS AND
COMMUNITY SUPERVISION, RESPONDENT-RESPONDENT.

---

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (ADAM W. KOCH OF
COUNSEL), FOR PETITIONER-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (LAURA ETLINGER OF
COUNSEL), FOR RESPONDENT-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Wyoming County (Mark H. Dadd, A.J.), entered February 4, 2013 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination that he violated multiple inmate rules. "Contrary to petitioner's contention, the record does not establish that the Hearing Officer was biased or that the determination flowed from the alleged bias" (*Matter of Amaker v Fischer*, 112 AD3d 1371, 1372; *see Matter of Alvarez v Fischer*, 94 AD3d 1404, 1406). "The mere fact that the Hearing Officer ruled against the petitioner is insufficient to establish bias" (*Matter of Edwards v Fischer*, 87 AD3d 1328, 1329 [internal quotation marks omitted]). Also contrary to petitioner's contention, the Hearing Officer did not improperly deny petitioner his right to present evidence inasmuch as the evidence petitioner sought to present, i.e., petitioner's prison disciplinary history, was not relevant to the instant charges against petitioner (*see Matter of Pujals v Fischer*, 87 AD3d 767, 767). In any event, the failure of the Hearing Officer to permit petitioner to submit that evidence "does not require annulment of the administrative determination, especially in light of the overwhelming evidence of petitioner's guilt" (*Matter of Auricchio v Goord*, 275 AD2d 842, 842).

Finally, petitioner challenges the penalty imposed. Inasmuch as petitioner failed to raise that challenge in his administrative appeal, he "thereby failed to exhaust his administrative remedies and

this Court has no discretionary power to reach that issue" (*Matter of Medina v Coughlin*, 202 AD2d 1000, 1000; *see Matter of Francisco v Coombe*, 231 AD2d 917, 917; *see generally Matter of Nelson v Coughlin*, 188 AD2d 1071, 1071, *appeal dismissed* 81 NY2d 834).

Entered:  June 13, 2014                                    Frances E. Cafarell
                                                          Clerk of the Court