◼ In the Matter of FRANCIS SWEETER, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [633 NYS2d 649] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

After a search of petitioner's prison cube revealed various sheets of paper which were classified as football gambling paraphernalia, petitioner was charged accordingly in a misbehavior report. In his disciplinary hearing, petitioner conceded that the papers were his but contended that they did not relate to gambling. Petitioner commenced this proceeding challenging the determination that he had possessed gambling paraphernalia.

Petitioner's concession, together with the testimony of the two correction officers conducting the search and the Hearing Officer's examination of the papers, provided substantial evidence to support the determination (see, *Matter of Bostic v Coughlin*, 216 AD2d 766; *Matter of Hernandez v LeFevre*, 150 AD2d 954, *lv denied* 74 NY2d 615). It was the function of the Hearing Officer to make the determination as to the nature of the papers. There is no basis for petitioner's assertion that the records were improperly construed to be gambling paraphernalia by the Hearing Officer.

Petitioner's contention that he was refused the right to call a witness is without support in the record (see, *Matter of Luna v Coughlin*, 210 AD2d 757). Petitioner specifically waived calling the correction sergeant who directed the search. Moreover, the basis for the search in the first instance was irrelevant to the issue of whether petitioner possessed the contraband (see, *Matter of Tankleff v Coughlin*, 210 AD2d 815). We have reviewed petitioner's remaining contentions and find that they are unpersuasive and without merit.

Mikoll, J. P., White, Casey and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.