■ In the Matter of Nelson Villanueva, Petitioner, v Philip Coombe, as Commissioner of the Department of Correctional Services, et al., Respondents. [655 NYS2d 666] —Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Following a tier III disciplinary hearing, petitioner, a prison inmate, was found guilty of violating prison disciplinary rules prohibiting inmates from assaulting staff, engaging in violent conduct and refusing a direct order. After the determination was affirmed upon administrative appeal, petitioner com-

menced this CPLR article 78 proceeding, which was subsequently transferred to this Court.

Initially, we reject petitioner's contention that he was denied the right to secure the testimony of witnesses by the Hearing Officer's failure to further investigate the refusal of six inmate witnesses to testify. We note that "an inmate is not entitled to call witnesses whose testimony would be irrelevant or redundant" (*Matter of Grassia v Mann*, 223 AD2d 811, 812). Petitioner has not demonstrated that the requested witnesses had relevant testimony to offer (*see, id.*). Moreover, even if relevant, such testimony would have been cumulative in view of inmate Dudman's testimony which wholly supported petitioner's defense and absolved petitioner of any wrongdoing (*see, Matter of Coniglio v Mitchell*, 198 AD2d 565, 567; *Matter of Gonzalez v Mann*, 186 AD2d 876, 877).

We also find unpersuasive petitioner's contention that he was denied the right to present documentary evidence in his defense. The Hearing Officer advised petitioner during the hearing that the videotape of the initial incident which precipitated the charges had been recycled pursuant to normal prison procedures and prior to petitioner's request (*see generally, Matter of Espinal v Coughlin*, 153 AD2d 778, *appeal dismissed* 74 NY2d 944, *lv denied* 75 NY2d 705). Under the circumstances, petitioner could not be denied documentary evidence which did not exist (*see, Matter of Dawes v McClellan*, 223 AD2d 890).

Finally, we find no support for petitioner's claim that the Hearing Officer was biased (*see, Matter of Collazo v Coombe*, 235 AD2d 654, 656). The record fails to support petitioner's claim that the Hearing Officer made a prehearing determination to deny him the right to review the requested videotape of the incident before she actually investigated and ascertained that no tape existed. Moreover, even if this constituted bias, petitioner has failed to prove that "the outcome of the hearing flowed from the alleged bias" (*Matter of Nieves v Coughlin*, 157 AD2d 943, 944). In our view, the misbehavior report, coupled with the detailed testimony of the correction officers who signed the report, both of whom were eyewitnesses to the incident and one of whom was the subject of the assault, constituted substantial evidence and supported the administrative determination (*see, Matter of Rivera v Mantello*, 228 AD2d 721). Petitioner's remaining contentions have been examined and found to be without merit.

Cardona, P. J., Mercure, Peters and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.