■ In the Matter of BENJAMIN J. BRAMBLE, Petitioner, v L. B. MEAD, as Acting Deputy Superintendent of Security of Marcy Correctional Facility, Respondent. [662 NYS2d 960] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: The misbehavior report, augmented by the testimony of its author and another correction officer who also signed the report, constitutes substantial evidence supporting the determination of respondent that petitioner violated inmate rules 109.10 and 109.12 (7 NYCRR 270.2 [B] [10] [i], [iii]; *see, Matter of Bryant v Coughlin*, 77 NY2d 642, 647; *Matter of Perez v Wilmot*, 67 NY2d 615, 616; *People ex rel. Vega v Smith*, 66 NY2d 130, 139). The contention of petitioner that the charges were brought against him to retaliate for the filing of a grievance against the correction officer who cosigned the misbehavior report merely presented an issue of credibility

for the Hearing Officer (*see, Matter of Foster v Coughlin,* 76 NY2d 964, 966; *Matter of Young v Coombe,* 227 AD2d 799, 801).

The contention of petitioner that the Hearing Officer improperly curtailed cross-examination of the other correction officer who signed the misbehavior report is without merit. "[A]n inmate does not have a constitutional right to cross-examine adverse witnesses at a disciplinary hearing" (*Matter of Abdur-Raheem v Mann,* 85 NY2d 113, 119; *see, Matter of Laureano v Kuhlmann,* 75 NY2d 141, 146). The Hearing Officer properly refused to allow petitioner to read into the record portions of the Penal Law's definitions of forgery in the second degree and perjury; those definitions were not relevant to the charges in the misbehavior report (*see, Matter of Parker v Coughlin,* 211 AD2d 929).

The contention of petitioner that certain statements of the other correction officer who signed the misbehavior report prejudiced the Hearing Officer against petitioner is not supported by the record (*see, Matter of Parker v Coughlin, supra; Matter of Martinez v Scully,* 194 AD2d 679, 680). Further, petitioner failed to object at the hearing to an alleged off-the-record statement by the author of the misbehavior report.

We have considered the remaining contentions of petitioner and conclude that they are without merit. (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Oneida County, Murad, J.) Present—Denman, P. J., Pine, Balio, Boehm and Fallon, JJ.