■ In the Matter of ADRIAN HERNANDEZ, Appellant, v GLENN S. GOORD, as Commissioner of the Department of Correctional Services, et al., Respondents. [701 NYS2d 487] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Castellino, J.), entered February 11, 1999 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

As the result of a visiting room frisk which disclosed a home-made plexiglass shank hidden inside his shoe, petitioner, an inmate, was charged in a misbehavior report with violating the prison disciplinary rules which prohibit inmates from possessing a weapon, smuggling and violating visitation procedures. Thereafter, a correction officer conducting a routine inspection of petitioner's vacant cell following his move to another housing unit discovered a broken plexiglass light fixture and stab holes in the mattress, resulting in a second misbehavior report charging petitioner with damaging and tampering with State property. Petitioner was found guilty of all charges following a tier III disciplinary hearing which addressed both misbehavior reports. He subsequently commenced this CPLR article 78 proceeding raising several procedural objections and Supreme Court dismissed the petition. Petitioner appeals.

We affirm. Initially, contrary to petitioner's contention, there is no regulation prohibiting the consideration of multiple misbehavior reports in the context of a single disciplinary hearing (*see, Matter of Amezquita v Coughlin*, 169 AD2d 857). As for petitioner's reliance upon 7 NYCRR 251-3.1 (c) (4) in support of the contention that separate disciplinary hearings were necessary, that regulation governs the incorporation of separate incidents into a single misbehavior report and does not impose hearing requirements where multiple misbehavior reports are involved.

Similarly unavailing is petitioner's contention that he was denied adequate employee assistance and documentary evidence because his assistant failed to obtain copies of all log book entries made in relation to the incidents. A review of the employee assistant form reveals that petitioner only requested log book entries made in the "frisk area" and was advised by

his assistant that such entries were nonexistent (*see, Matter of Villanueva v Coombe*, 237 AD2d 818, 819; *Matter of Serrano v Coughlin*, 152 AD2d 790, 793). In view of this, as well as petitioner's failure to demonstrate that his assistant's alleged deficiencies prejudiced his defense, we reject petitioner's claims (*see, Matter of Joyce v Goord*, 246 AD2d 926, 927).

Petitioner's remaining contentions are either unpreserved for judicial review, have been abandoned or have been considered and found to lack merit.

Crew III, Peters, Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.