■ In the Matter of CARLTON FREEMAN, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Program, Respondent. [705 NYS2d 87] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Following a search of petitioner's cell, two misbehavior reports charged petitioner with possession of weapons, contraband, altered items and unauthorized tools. A tier III hearing ensued, after which petitioner was found guilty of possessing weapons and contraband. Petitioner commenced this CPLR article 78 proceeding raising various procedural challenges, arguing that he was improperly denied the right to view the search of his cell, the two misbehavior reports should not have been adjudicated simultaneously and the proceeding was untimely.*

Initially, the record discloses that, during the search, petitioner was present in the recreation room by his own choice and did not at that time make a request to view the search. In view of this, as well as the fact that petitioner was not removed from his cell so that the search could be conducted, we do not find that prison officials violated applicable regulations (*see, Matter of Perez v Coombe*, 232 AD2d 702). By failing to object petitioner failed to preserve for review his objection to both misbehavior reports being considered in one hearing. Moreover, no law or regulation prohibits the review of two misbehavior reports in one disciplinary hearing (*see, Matter of Hernandez v Goord*, 268 AD2d 727; *Matter of Amezquita v Coughlin*, 169 AD2d 857).

We also reject petitioner's contention that the hearing was untimely. The record reveals that the hearing was concluded on the 14th day following the issuance of the misbehavior report (*see*, 7 NYCRR 251-5.1 [b]). In calculating the 14-day

---

* Supreme Court improperly transferred the proceeding on substantial evidence grounds. Petitioner raises solely procedural issues in the petition (*see, Matter of Barnhill v Coombe*, 239 AD2d 719, 720, n). In any event, this Court will retain the proceeding in the interest of judicial economy (*see, Matter of Nieves v Goord*, 262 AD2d 1042).

time period, the date the misbehavior report is written is excluded (*see, Matter of Faison v Senkowski*, 256 AD2d 702, *appeal dismissed* 93 NY2d 870).

Cardona, P. J., Mercure, Crew III, Peters and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.