■ In the Matter of DEJUAN BERRY, Petitioner, v BRIAN FISCH-ER, as Commissioner of Correctional Services, Respondent. [913 NYS2d 782]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was served with a misbehavior report charging him with smuggling, unauthorized exchange, possession in an unauthorized area, tampering with property and correspondence violations. The report was issued after a laundry bag was discovered containing plastic gloves filled with tobacco and coffee accompanied by a note—the handwriting on which was later determined to be petitioner's—discussing certain payments. The names and payment amounts included in the note were identical to disbursements that had been made to petitioner's uncle. Following a tier III disciplinary hearing, petitioner was found guilty of all charges. An administrative ap-

peal proved unavailing, after which petitioner commenced this CPLR article 78 proceeding.

We confirm. The misbehavior report, investigative memoranda, testimony of the correction officer who investigated the incident, photographs, accompanying note and exemplars of petitioner's handwriting provide substantial evidence to support the determination of guilt (*see Matter of Lafferty v Fischer*, 61 AD3d 1190, 1191 [2009]; *Matter of Jackson v Fischer*, 59 AD3d 820, 820 [2009]). Contrary to petitioner's contention, the analysis of his handwriting by the Hearing Officer was sufficient, particularly where the investigating officer testified that petitioner provided a handwriting sample and admitted to having authored a letter that was also used for comparison (*see Matter of Mills v Fischer*, 65 AD3d 1427 [2009]; *Matter of Hood v Goord*, 36 AD3d 1064, 1065 [2007]). Finally, given the seriousness of the offenses for which petitioner was found guilty, we find the penalty imposed is not so shocking to one's sense of fairness as to be excessive (*see Matter of Smiton v New York State Dept. of Correctional Servs.*, 70 AD3d 1148, 1149-1150 [2010]; *Matter of Quartieri v New York State Dept. of Correctional Servs.*, 70 AD3d 1071, 1072 [2010]).

We have examined petitioner's remaining contentions and find them to be without merit.

Cardona, P.J., Spain, Lahtinen, Kavanagh and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.