■ In the Matter of JOSEPH MULLADY, Petitioner, v NORMAN R. BEZIO, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [928 NYS2d 149]—

During a search of petitioner's prison cell, correction officers discovered four altered folders containing the legal work of

other inmates and Uniform Commercial Code (hereinafter UCC) materials, a pillow that had been made by combining three state-issued pillows, and an extra shirt, an extra pair of pants and an extra pillowcase. As a result, petitioner was charged in a misbehavior report with smuggling, possession of altered property, providing unauthorized legal assistance, possession of UCC materials and possession of excessive bedding and clothing. Petitioner was found guilty of all charges following a tier III disciplinary hearing and that determination was modified on administrative appeal with the smuggling charge dismissed and a reduction in the penalty assessed. Petitioner then commenced this CPLR article 78 proceeding.

We confirm. The misbehavior report, petitioner's admissions during the hearing, the testimony of correction officers and inmate witnesses and the documentary evidence provide substantial evidence to support the determination of guilt (*see Matter of Vourderis v Bezio*, 78 AD3d 1359 [2010]; *Matter of Abreu v Bezio*, 78 AD3d 1341, 1342 [2010]). Contrary to petitioner's contention that no evidence substantiated the charge of providing legal assistance, petitioner admitted to possessing legal paperwork belonging to another inmate, that inmate testified that petitioner rendered him legal assistance, and it was established that the inmate was not on petitioner's authorized legal assistance list.

Additionally, we find that petitioner was not deprived of his right to call witnesses. In light of petitioner's admission that he did not have authorization to possess UCC materials, the testimony of the superintendent would have been redundant (*see Matter of Abreu v Bezio*, 71 AD3d 1341, 1342 [2010], *appeal dismissed* 15 NY3d 836 [2010]; *Matter of Pettus v New York State Dept. of Correctional Servs.*, 70 AD3d 1164, 1164 [2010]). Similarly, the testimony of the lieutenant who authorized the cell search was properly precluded inasmuch as it was irrelevant to the issue of whether petitioner was guilty of the charges (*see Matter of Barner v Goord*, 252 AD2d 719, 720 [1998], *lv denied* 92 NY2d 813 [1998]; *Matter of Sweeter v Coughlin*, 221 AD2d 741 [1995]). Finally, even if the search had been prompted by information received from a confidential informant, there was no need for the Hearing Officer to assess the reliability of such information, inasmuch as the determination of guilt resulted from the items discovered during the search, rather than any information received (*see Matter of Cornwall v Fischer*, 74 AD3d 1507, 1508 [2010]; *Matter of Terrence v Fischer*, 64 AD3d 1110, 1111 [2009]).

To the extent that petitioner's remaining contentions have

not been specifically addressed, we have considered them and find them to be either unpreserved or without merit.

Mercure, J.P., Spain, Rose, Malone Jr. and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.