■ In the Matter of LINDWOOD COLLINS, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [932 NYS2d 916]—

Petitioner, a prison inmate, was charged in a misbehavior report with harassment of an employee after an investigation into several sexually explicit letters sent to female facility employees revealed him to be the alleged author. Following a tier III disciplinary hearing, petitioner was found guilty of that charge. When the determination was upheld administratively, petitioner commenced this CPLR article 78 proceeding.

We confirm. The misbehavior report, hearing testimony of the investigator, copies of the letters and exemplars of petitioner's handwriting provide substantial evidence to support the determination of guilt (*see Matter of Povataj v Bezio*, 84 AD3d 1658, 1659 [2011], *lv denied* 17 NY3d 709 [2011]; *Matter of Berry v Fischer*, 78 AD3d 1411, 1412 [2010]). We note that the Hearing Officer, as the trier of fact, was qualified to make an independent assessment of the letters and handwriting samples (*see Matter of Davis v Fischer*, 76 AD3d 1154, 1155 [2010]; *Matter of Mills v Fischer*, 65 AD3d 1427, 1427 [2009]). We agree with petitioner that the Hearing Officer erred in failing to articulate a reason for keeping some of the testimony confidential, however, we conclude that the error was harmless inasmuch as the content of such testimony was limited to the method by which petitioner was identified as a suspect in the first instance (*see Matter of Perez v Goord*, 300 AD2d 956, 957 [2002]; *Matter of Fletcher v Selsky*, 199 AD2d 865, 866 [1993], *lv denied* 83 NY2d 753 [1994]). Finally, in light of the serious nature of the charge for which petitioner was found guilty, we do not find the penalty imposed to be so severe as to shock one's sense of fairness (*see Matter of Bridgeforth v Fischer*, 78 AD3d 1401, 1402 [2010]).

Peters, J.P., Spain, Rose, Stein and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.