In the Matter of KENNETH LUMPKIN, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [940 NYS2d 344]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, commenced this CPLR article 78 proceeding seeking to challenge that part of a tier III disciplinary determination finding him guilty of two charges of possession of gambling paraphernalia, each set forth in a separate misbehavior report. Specifically, the first report, authored by Correction Officer Thurston, states that on September 23, 2010, a search of petitioner's cell produced several unauthorized items, including betting slips, which petitioner claimed were actually lists of items he had loaned to other inmates. The second misbehavior report, authored by Sergeant Leichty, states that, later that same day, as a result of information gleaned from a reliable confidential source, a gambling sheet and betting slips were discovered in the recreation area. Handwriting comparison determined that the gambling sheet belonged to petitioner, prompting the second charge of possession of gambling paraphernalia. At the ensuing hearing, petitioner pleaded guilty to all alleged rule violations except the two gambling charges. The Hearing Officer found him guilty of, among other things, both charges of possession of gambling paraphernalia. Following petitioner's administrative appeal, the determination of guilt as to the gambling charges was affirmed.

We confirm. The detailed misbehavior reports, along with, among other things, the confidential proof and hearing testimony of Leichty, provide substantial evidence to support the determination of guilt as to the challenged gambling charges (*see Matter of Povataj v Bezio*, 84 AD3d 1658, 1659 [2011], *lv denied* 17 NY3d 709 [2011]). While petitioner disputes the credentials of the correction officer who performed the handwriting comparison, it was sufficient that the Hearing Officer, as trier of fact, made an independent assessment of the handwriting samples and noted the similarity on the record (*see Matter of Collins v Fischer*, 89 AD3d 1355, 1356 [2011]; *Matter of Mills v Fischer*, 65 AD3d 1427, 1427 [2009]).

Petitioner's remaining contentions, including his challenge to the Hearing Officer's reliance on confidential proof, have been examined and found to be either unpreserved or without merit.

Mercure, A.P.J., Lahtinen, Malone Jr., Kavanagh and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.