■ In the Matter of SHAROD BAKER, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [946 NYS2d 909]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in two misbehavior reports with violating the prison disciplinary rules prohibiting possession of contraband (two counts) and possession of an altered item. At the tier III disciplinary hearing, petitioner pleaded guilty to all three charges. However, the Hearing Officer, upon review of the proof, found petitioner not guilty of one of the charges of possession of contraband. The determination was affirmed following administrative review, prompting the commencement of this proceeding.*

We confirm. Initially, we find no error in considering, at a single hearing, more than one misbehavior report (*see Matter of Hernandez v Goord*, 268 AD2d 727 [2000]), especially where, as in this case, the alleged incidents are directly related. Additionally, we find no support in the record for petitioner's contention that the determination should be annulled because the Hearing Officer failed to separately assess the evidence with respect to each misbehavior report.

Petitioner's remaining contentions, including his claim that respondent's answer was untimely served (*see Matter of Jones v Coughlin*, 125 AD2d 883 [1986]), have been examined and found to be unpersuasive.

Peters, P.J., Spain, Malone Jr., Kavanagh and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* Assuming, arguendo, that petitioner is correct that this proceeding was improperly transferred because he did not intend to raise a substantial evidence issue, we disagree that remittal to Supreme Court is required. Under such circumstances, we generally "retain jurisdiction and address the merits in the interest of judicial economy" (*Matter of Barone v Prack*, 92 AD3d 999, 999 n [2012]).