Appeal from a judgment of the Supreme Court (Connolly, J.), entered March 3, 2011 in Albany County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of the Superintendent of Eastern Correctional Facility finding petitioner guilty of violating certain prison disciplinary rules.
Following a search of petitioner’s cell, he was charged in a misbehavior report with the unauthorized possession of Uniform Commercial Code (hereinafter UCC) documents and possession of contraband. At the tier II disciplinary hearing that followed, petitioner acknowledged that the rule prohibiting inmates from possessing unauthorized UCC materials came into effect the previous year. Given the absence of proof that petitioner was *1148 authorized to possess the UCC documents or other contraband found in his cell, the Hearing Officer found petitioner guilty of the charges. That determination was affirmed upon administrative appeal, prompting petitioner to commence this CPLR article 78 proceeding. Supreme Court dismissed the petition and petitioner now appeals.
We affirm. Contrary to petitioner’s argument, we do not agree that he erroneously was denied the right to call the Superintendent of the facility as a witness. Notably, the Hearing Officer accepted petitioner’s testimony that, prior to the issuance of the misbehavior report, he had sent a written request to the Superintendent seeking authorization to retain the UCC documents but had not received a response.* As these facts were not disputed, the Hearing Officer properly found that the requested testimony would be redundant or immaterial (see Matter of Lewis v Lape, 90 AD3d 1259, 1260 [2011], lv denied 18 NY3d 809 [2012]; Matter of Mullady v Bezio, 87 AD3d 765, 766 [2011]). We similarly are unpersuaded by petitioner’s contention that his possession of UCC materials should be sanctioned based upon a rule that was in place prior to the current rule branding such unauthorized possession as contraband (cf. Matter of Bosquet v Bezio, 69 AD3d 1257, 1258 [2010]).
Petitioner’s remaining contentions, including his claim that he failed to receive proper notice of the current rule prohibiting UCC items, were not raised in his administrative appeal and, therefore, not properly preserved for our review (see generally Matter of Harvey v Fischer, 94 AD3d 1303, 1303-1304 [2012]).
Mercure, J.P, Lahtinen, Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.

 Notably, petitioner does not dispute that the Superintendent ultimately responded to his request and indicated that his application for authorization to possess UCC materials could not be reviewed because petitioner failed to supply sufficient information justifying such authorization.