■ In the Matter of CLIFFORD SMITH, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [969 NYS2d 245]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, commenced this CPLR article 78 proceeding seeking to challenge a tier III disciplinary determination rendered after a hearing finding him guilty of soliciting a sexual act, harassment and violation of correspondence procedures. According to the misbehavior report, petitioner admitted authoring a letter that was mailed to a civilian teacher that invited her—in graphic terms—to engage in sexual activity. Following petitioner's administrative appeal, the determination of guilt was affirmed.

We confirm. The detailed misbehavior report, along with the letter, handwriting samples, confidential proof and hearing testimony, provide substantial evidence to support the determination of guilt (*see Matter of Smith v Prack*, 98 AD3d 1180, 1180 [2012]; *Matter of Lumpkin v Fischer*, 93 AD3d 1011, 1012 [2012]). Although petitioner denied writing the letter and telling correction officers that he had done so, this created a credibility issue for the Hearing Officer to resolve (*see Matter of Povataj v Bezio*, 84 AD3d 1658, 1659 [2011], *lv denied* 17 NY3d 709 [2011]). In any event, contrary to petitioner's argument, the record confirms that the Hearing Officer, as trier of fact, noted the similarity of the handwriting in the samples to the letter on the record and relied on these items in rendering the determination of guilt (*see Matter of Lumpkin v Fischer*, 93 AD3d at 1012; *Matter of Collins v Fischer*, 89 AD3d 1355, 1356 [2011], *lv denied* 19 NY3d 803 [2012]).

Petitioner's remaining contentions, including his claims that the hearing transcript was incomplete or insufficient for meaningful review (*see Matter of Smythe v Fischer*, 101 AD3d 1280, 1281 [2012], *lv denied* 20 NY3d 861 [2013]) and that issues related to his mental health status (*see* 7 NYCRR 254.6 [b]) were insufficiently explored, have been examined and found to be without merit.

Peters, P.J., Lahtinen, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.