Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.
A female correction counselor received a letter from an inmate expressing an interest in getting to know her better and requesting contact information. Although the letter indicated that it was signed by an inmate named Wood, a correction sergeant discovered through the course of an investigation involving handwriting comparisons that the letter was actually written by petitioner. As a result, petitioner was charged in a misbehavior report with stalking, harassment and violating facility correspondence procedures. At the conclusion of a tier III disciplinary hearing, he was found guilty of harassment and violating facility correspondence procedures. The determination was later affirmed on administrative appeal and this CPLR article 78 proceeding ensued.
We confirm. The detailed misbehavior report and documentary evidence, including the offending letter and petitioner’s handwriting samples, as well as the testimony of the officers involved in the investigation, provide substantial evidence supporting the determination of guilt (see Matter of Hernandez v Fischer, 67 AD3d 1225, 1225 [2009]; see also Matter of Berry v Fischer, 78 AD3d 1411, 1412 [2010]; Matter of Ellis v Coombe, 253 AD2d 945, 945 [1998]). Contrary to petitioner’s claim, the record reveals that the Hearing Officer conducted his own handwriting analysis after examining the documentation reviewed during the investigation, and we note that he was entitled to make his own comparison without expert testimony (see Matter of Ponder v Fischer, 56 AD3d 1094, 1094 [2008]; Matter of Surdis v Walsh, 295 AD2d 735, 736 [2002]). While petitioner maintained that he did not write the letter in question, this presented a credibility issue for the Hearing Officer to resolve (see Matter of Scott v Fischer, 109 AD3d 1066, 1066 [2013]; Matter of Smith v Fischer, 108 AD3d 987, 988 [2013]). Petitioner’s remaining contentions have not been preserved for our review due to his failure to make appropriate objections at the hearing.
Peters, P.J., Lahtinen, McCarthy and Egan Jr., JJ., concur. *976 Adjudged that the determination is confirmed, without costs, and petition dismissed.