*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  August 7, 2014                    517675
_____

In the Matter of DARNELL
    CREDELL,
                    Petitioner,

            v                                MEMORANDUM AND JUDGMENT

BRIAN FISCHER, as Commissioner
    of Corrections and Community
    Supervision,
                    Respondent.
_____

Calendar Date:   June 5, 2014

Before:  Lahtinen, J.P., McCarthy, Rose, Lynch and Devine, JJ.

_____

        Darnell Credell, New York City, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H.
Schiff of counsel), for respondent.

_____

Lynch, J.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Franklin County)
to review a determination of respondent which found petitioner
guilty of violating a certain disciplinary rule.

        In February 2013, a facility teacher at the Bare Hill
Correctional Facility received, through facility mail, two
letters containing graphic and threatening content.  Following an
investigation, a misbehavior report was issued charging
petitioner with harassment, threats of violence and threats.
Following a tier III disciplinary hearing, petitioner was found
guilty of all three charges and the determination was affirmed on

administrative appeal.  Petitioner then commenced this CPLR article 78 proceeding challenging the determination.

We confirm.  The documentary evidence, including the two letters and petitioner's handwriting samples, and the hearing testimony of the investigator provide substantial evidence supporting the determination of guilt (see Matter of Christian v Venetozzi, 114 AD3d 975, 975 [2014]; Matter of Logan v Fischer, 109 AD3d 1043, 1043 [2013], lv denied 22 NY3d 856 [2013]; Matter of Smith v Fischer, 108 AD3d 987, 988 [2013]).  The record demonstrates that the Hearing Officer properly conducted her own handwriting analysis after examining the letters and comparing them to the exemplars of petitioner's handwriting (see Matter of Christian v Venetozzi, 114 AD3d at 975; Matter of Logan v Fischer, 109 AD3d at 1043; Matter of Smith v Fischer, 108 AD3d at 988).  Further, petitioner's insistence that he did not write the letters created an issue of credibility for the Hearing Officer to resolve (see Matter of Christian v Venetozzi, 114 AD3d at 975; Matter of Smith v Fischer, 108 AD3d at 988).

Petitioner's claim that he was denied his right to call a witness is without merit since the testimony he sought from her was not material or relevant to the charges (see Matter of Burr v Fischer, 95 AD3d 1538, 1538-1539 [2012], lv denied 19 NY3d 811 [2012]; Matter of Tafari v Fischer, 94 AD3d 1324, 1325 [2012], lv denied 19 NY3d 807 [2012]; 7 NYCRR 254.5 [a]).  Moreover, the record does not support petitioner's contention that the Hearing Officer relied upon confidential information in rendering her determination (compare Matter of Collins v Fischer, 89 AD3d 1355, 1356 [2011], lv denied 19 NY3d 803 [2012]).  Petitioner's remaining claims have been examined and found to be unpreserved or without merit.

Lahtinen, J.P., McCarthy, Rose and Devine, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court