# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1045
TP 14-00762
PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND DEJOSEPH, JJ.

---

IN THE MATTER OF TERRENCE JACKSON, PETITIONER,

V                                                      MEMORANDUM AND ORDER

ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK
STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION, RESPONDENT.

---

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (ADAM W. KOCH OF
COUNSEL), FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (PETER H. SCHIFF OF
COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Michael M. Mohun, A.J.], entered April 22, 2014) to review a determination of respondent. The determination found after a tier III hearing that petitioner had violated various inmate rules.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a tier III disciplinary hearing, that he violated various inmate rules. Contrary to petitioner's contention, the determination is supported by substantial evidence, including confidential testimony (*see Matter of Stuart v Fischer*, 109 AD3d 1122, 1123, *lv denied* 22 NY3d 858; *see generally People ex rel. Vega v Smith*, 66 NY2d 130, 139). We reject petitioner's further contention that the hearing officer was biased or that the determination flowed from the alleged bias (*see Matter of Colon v Fischer*, 83 AD3d 1500, 1501-1502). Petitioner contends that he was denied his right to call certain witnesses and present certain documentary evidence in support of his defense of retaliation. We reject that contention. "The additional testimony [and documentary evidence] requested by petitioner would have been either redundant or immaterial" (*Matter of Sanchez v Irvin*, 186 AD2d 996, 996, *lv denied* 81 NY2d 702; *see Matter of Burr v Fischer*, 95 AD3d 1538, 1538-1539, *lv denied* 19 NY3d 811). Finally, we reject petitioner's contention that this matter was improperly transferred to this Court because respondent failed to include a record of the administrative appeal with his answer. That record could not be located and, in view of

respondent's assertion that he would not make a claim that petitioner failed to exhaust his administrative remedies, we conclude that Supreme Court properly determined that there was no "fatal defect" and transferred the proceeding to this Court (*see generally Matter of Duchmann v Town of Hamburg*, 93 AD3d 1289, 1289).