■ In the Matter of MIKE HAWLEY, Appellant, v ANTHONY ANNUCCI, Acting Commissioner, New York State Department of Corrections and Community Supervision, Respondent. [26 NYS3d 918]—

Appeal from a judgment of the Supreme Court, Wyoming County (Michael M. Mohun, A.J.), entered October 17, 2014 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul that part of the determination, following a tier III disciplinary hearing, finding that he violated inmate rule 113.10 (7 NYCRR 270.2 [B] [14] [i] [weapon possession]). Supreme Court dismissed the petition, and we affirm. Although a directive of the Department of Corrections and Community Supervision provides that an inmate removed from his or her cell for a search has the right to observe the search absent a determination that he or she presents a safety or security risk (*see Matter of Johnson v Fischer*, 109 AD3d 1070, 1071 [2013]), that directive is inapplicable here because petitioner was being examined in the prison hospital when his cell was searched, and he was therefore not "removed from his cell for the purpose of conducting the search" (*Matter of Williams v Goord*, 270 AD2d 744, 745 [2000]; *see Matter of Horton v Annucci*, 133 AD3d 1002, 1003 [2015]; *Matter of Nieves v Goord*, 262 AD2d 1042, 1042 [1999]). Contrary to petitioner's contention, the Hearing Officer properly denied his request to call a lieutenant as a witness because the lieutenant's testimony " 'would have been either redundant or immaterial' " (*Matter of Jackson v Annucci*, 122 AD3d 1288, 1288 [2014]; *see* 7 NYCRR 254.5 [a]; *Matter of Mullady v Bezio*, 87 AD3d 765, 766 [2011]). Petitioner's further contention that it was improper for the hearing officer to address two misbehavior reports at one hearing is not preserved for our review because he did not raise it at the hearing (*see Matter of Freeman v Selsky*, 270 AD2d 547, 547 [2000]; *see generally Matter of Allah v Fischer*, 118 AD3d 1507, 1507 [2014]). In any event, "no law or regulation prohibits the review of two misbehavior reports in one disciplinary hearing" (*Freeman*, 270 AD2d at 547; *see Matter of Baker v Fischer*, 96 AD3d 1334, 1334 [2012]), and petitioner's claim of prejudice is not supported by the record (*see generally Matter of Bramble v Mead*, 242 AD2d 858, 859 [1997], *lv denied* 91 NY2d 803 [1997]). Present—Whalen, P.J., Smith, Carni, Nemoyer and Curran, JJ.