# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**232**

**CA 14-02091**

PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND CURRAN, JJ.

---

IN THE MATTER OF MIKE HAWLEY,
PETITIONER-APPELLANT,

                V                                  MEMORANDUM AND ORDER

ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK
STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION, RESPONDENT-RESPONDENT.

---

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (ADAM W. KOCH OF
COUNSEL), FOR PETITIONER-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (MARCUS J. MASTRACCO OF
COUNSEL), FOR RESPONDENT-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Wyoming County
(Michael M. Mohun, A.J.), entered October 17, 2014 in a proceeding
pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding
seeking to annul that part of the determination, following a tier III
disciplinary hearing, finding that he violated inmate rule 113.10 (7
NYCRR 270.2 [B] [14] [i] [weapon possession]). Supreme Court
dismissed the petition, and we affirm. Although a directive of the
Department of Corrections and Community Supervision provides that an
inmate removed from his or her cell for a search has the right to
observe the search absent a determination that he or she presents a
safety or security risk (*see Matter of Johnson v Fischer*, 109 AD3d
1070, 1071), that directive is inapplicable here because petitioner
was being examined in the prison hospital when his cell was searched,
and he was therefore not "removed from his cell for the purpose of
conducting the search" (*Matter of Williams v Goord*, 270 AD2d 744, 745;
*see Matter of Horton v Annucci*, 133 AD3d 1002, 1003; *Matter of Nieves
v Goord*, 262 AD2d 1042, 1042). Contrary to petitioner's contention,
the Hearing Officer properly denied his request to call a lieutenant
as a witness because the lieutenant's testimony " 'would have been
either redundant or immaterial' " (*Matter of Jackson v Annucci*, 122
AD3d 1288, 1288; *see* 7 NYCRR 254.5 [a]; *Matter of Mullady v Bezio*, 87
AD3d 765, 766). Petitioner's further contention that it was improper
for the hearing officer to address two misbehavior reports at one
hearing is not preserved for our review because he did not raise it at

the hearing (*see Matter of Freeman v Selsky*, 270 AD2d 547, 547; *see generally Matter of Allah v Fischer*, 118 AD3d 1507, 1507).  In any event, "no law or regulation prohibits the review of two misbehavior reports in one disciplinary hearing" (*Freeman*, 270 AD2d at 547; *see Matter of Baker v Fischer*, 96 AD3d 1334, 1334), and petitioner's claim of prejudice is not supported by the record (*see generally Matter of Bramble v Mead*, 242 AD2d 858, 859, *lv denied* 91 NY2d 803).

Entered:  March 18, 2016                    Frances E. Cafarell
                                            Clerk of the Court