*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 21, 2016                    521590
_____

In the Matter of KENYATTA
    WILLIAMS,
                        Petitioner,

        v
                                        MEMORANDUM AND JUDGMENT

JOSEPH SMITH, as Superintendent
    of Shawangunk Correctional
    Facility,
                        Respondent.
_____

Calendar Date:   February 23, 2016

Before:   Garry, J.P., Egan Jr., Devine and Clark, JJ.

_____

        Kenyatta Williams, Fallsburg, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondent.

_____


        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent finding petitioner guilty of
violating certain prison disciplinary rules.

        Petitioner, a prison inmate, was charged with possession of
gambling paraphernalia and engaging in an unauthorized exchange
following a search of his prison cell during which a correction
officer discovered and confiscated a piece of paper listing the
names of other inmates and items owed to petitioner.  Following a
tier II disciplinary hearing, petitioner was found guilty of both
charges.  That determination was affirmed on administrative
appeal, and this CPLR article 78 proceeding ensued.

Initially, respondent concedes, and we agree, that the part of the determination finding petitioner guilty of an unauthorized exchange is not supported by the record, and, therefore, the determination must be annulled to that extent. Inasmuch as the penalty has already been served, and it does not appear that any loss of good time was imposed, there is no need to remit the matter for a redetermination of the penalty (see Matter of Branch v Annucci, 133 AD3d 942, 943 [2015]; Matter of Simmons v LaValley, 130 AD3d 1126, 1127 [2015]). Turning to the remaining charge of possessing gambling paraphernalia, the misbehavior report, the documentary evidence and the hearing testimony of the correction officer, who authored the misbehavior report and described the confiscated piece of paper as a collection slip, provided substantial evidence to support the determination of guilt (see Matter of Lumpkin v Fischer, 93 AD3d 1011, 1012 [2012]; Matter of Sweeter v Coughlin, 221 AD2d 741, 741 [1995]). Petitioner's exculpatory testimony and assertion that the confiscated piece of paper listing the names of other inmates was a commissary shopping list presented a credibility issue for the Hearing Officer to resolve (see Matter of Kelly v Department of Correctional Servs., 75 AD3d 672, 673 [2010]). To the extent that petitioner's remaining contentions, including that the misbehavior report was insufficiently detailed to provide adequate notice of the gambling charge, were preserved for our review, those contentions have been reviewed and found to be unavailing (see Matter of Gonzalez v Annucci, 122 AD3d 1203, 1204 [2014]; Matter of Brickhouse v Fischer, 98 AD3d 1147, 1148 [2012]).

Garry, J.P., Egan Jr., Devine and Clark, JJ., concur.

ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of an unauthorized exchange; petition granted to that extent and respondent is directed to expunge all references to this charge from petitioner's institutional record; and, as so modified, confirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court