*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 15, 2016                 522369
_____

In the Matter of CARL
    MACEDONIO,
                        Petitioner,

            v                                    MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
    et al.,
                        Respondents.
_____

Calendar Date:  August 8, 2016

Before:  Peters, P.J., Garry, Egan Jr., Clark and Aarons, JJ.

                        _____


        Carl Macedonio, Ossining, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondents.

                        _____


        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent Superintendent of Shawangunk
Correctional Facility finding petitioner guilty of violating a
prison disciplinary rule.

        A search of petitioner's cell revealed a plastic jar
containing paint and two lewd paintings on the cell wall.
Petitioner was thereafter charged in a misbehavior report with
possessing contraband, destroying state property and failing to
keep an orderly and clean cell.  Following a tier II disciplinary
hearing, petitioner was found guilty of possessing contraband,
but not guilty of the remaining charges.  This determination was

affirmed on administrative appeal and this CPLR article 78 proceeding ensued.[1]

We confirm.  Petitioner's request for certain documents related to the authorization of the cell search was properly denied by the Hearing Officer, inasmuch as "the basis for the search in the first instance was irrelevant to the issue of whether petitioner possessed the contraband" (Matter of Sweeter v Coughlin, 221 AD2d 741, 741 [1995]; see Matter of Covington v Harford, 105 AD3d 1289, 1290 [2013], lv denied 21 NY3d 862 [2013]).  Moreover, our review of the Hearing Officer's statement of evidence relied on does not support petitioner's contention that the Hearing Officer also relied on evidence outside the record in finding petitioner guilty of possessing contraband, despite the reference in the statement that the cell search was authorized.  Finally, we reject petitioner's contention that the disciplinary hearing was not completed in a timely manner.  In calculating the 14-day time limit for completion of the hearing (see 7 NYCRR 251-5.1 [b]), the date the misbehavior report is written is excluded (see Matter of Alvarez v Fischer, 94 AD3d 1404, 1406 [2012], lv denied 96 AD3d 1703 [2012]; Matter of Freeman v Selsky, 270 AD2d 547, 547-548 [2000]).  Insofar as the misbehavior report was written on June 2, 2015 and the hearing was completed on June 16, 2015, the time limit was met.

Peters, P.J., Garry, Egan Jr., Clark and Aarons, JJ., concur.

_____

[1]  Although the petition arguably raised the issue of substantial evidence and, accordingly, the proceeding was properly transferred to this Court, petitioner has abandoned such argument by failing to raise it in his brief (see Matter of Davila v Prack, 113 AD3d 978, 978 n [2014], lv denied 23 NY3d 904 [2014]).

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court