■ In the Matter of DONTIE S. MITCHELL, Appellant, v ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent. [50 NYS3d 312]—

Appeal from a judgment of the Supreme Court (Hard, J.), entered February 4, 2016 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Based upon information received in connection with a visiting room incident involving an attempt to introduce drugs and money into the correctional facility, petitioner was charged in a misbehavior report with making threats, smuggling, possessing property in an unauthorized area and violating visiting procedures. Petitioner was charged in a second misbehavior report with assaulting staff, violent conduct and disobeying a direct order stemming from petitioner allegedly hitting a correction officer during a follow-up interview regarding the visiting room incident. A third misbehavior report, based upon an ongoing investigation related to the other two misbehavior

reports, charged petitioner with attempting to possess drugs, smuggling and violating correspondence procedures. Following a combined tier III disciplinary hearing, petitioner was found guilty of all charges, with the exception of disobeying a direct order, and that determination was affirmed upon administrative appeal. Petitioner commenced this CPLR article 78 proceeding raising numerous procedural challenges. Supreme Court dismissed the petition and this appeal ensued.

Contrary to petitioner's contention, we find no error in consolidating the three misbehavior reports into one hearing inasmuch as the record establishes that the incidents were related and petitioner failed to demonstrate any prejudice as a result of the consolidation. We are unpersuaded by petitioner's contention that he was improperly denied the right to present two witnesses at the hearing. The record reflects that reasonable efforts were made in an attempt to identity, in connection with the second misbehavior report, an alleged second escort officer who petitioner requested as a witness (*see Matter of Williams v Annucci*, 142 AD3d 1213, 1214 [2016]; *Matter of Stephens v Lee*, 115 AD3d 964, 964 [2014]). With regard to petitioner's request for a sergeant's testimony, the record establishes that the sergeant did not witness the visiting room incident and, as determined by the Hearing Officer, the information sought by petitioner was not relevant to his defense (*see generally Matter of Medina v Prack*, 101 AD3d 1295, 1297 [2012], *lv denied* 21 NY3d 859 [2013]; *Matter of Scott v Fischer*, 57 AD3d 1035, 1036 [2008], *lv denied* 12 NY3d 705 [2009]; *Matter of Bilbrew v Goord*, 33 AD3d 1107, 1108 [2006]). We have reviewed petitioner's remaining contentions, including his claim of hearing officer bias, and find them to be without merit.

Peters, P.J., Garry, Lynch, Devine and Mulvey, JJ., concur. Ordered that the judgment is affirmed, without costs.