Matter of Walker v Yelich (2019 NY Slip Op 01873)





Matter of Walker v Yelich


2019 NY Slip Op 01873


Decided on March 14, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 14, 2019

526900

[*1]In the Matter of CARLTON WALKER, Petitioner,
v
BRUCE S. YELICH, as Superintendent of Bare Hill Correctional Facility, Respondent.

Calendar Date: February 8, 2019

Before: Garry, P.J., Clark, Mulvey, Aarons and Rumsey, JJ.


Carlton Walker, Malone, petitioner pro se.
Letitia James, Attorney General, Albany (William E. Storrs of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review (1) two determinations of respondent finding petitioner guilty of violating certain prison disciplinary rules, and (2) three determinations of respondent denying petitioner's grievances.
In September 2017, petitioner left his cell to attend a Rastafarian religious service at the correctional facility where he is incarcerated. After producing his identification, he was permitted to attend the service but was later directed by a correction officer to return to his cell because his name was not on the Rastafarian call out list. Although petitioner made an unsuccessful request to speak to a sergeant after informing the officer of continuing problems with the call out list, he eventually returned to his cell. As a result of this incident, he was charged in a misbehavior report with being out of place, refusing a direct order and creating a disturbance. Following a tier II disciplinary hearing, he was found guilty of the first two charges, but not guilty of the last. On administrative appeal, the determination was modified and the second charge was dismissed, but the remainder of the determination was upheld. Based on the incident providing the basis for this misbehavior report, petitioner filed a grievance challenging the manner in which correction officials maintained the Rastafarian call out list, particularly with respect to the omission of his name on the date of the service at issue. The Inmate Grievance Review Committee (hereinafter IGRC) concluded that the omission was a clerical error and denied the grievance, and the denial was later upheld by respondent.
In October 2017, while working as a porter, petitioner refused a correction officer's orders to sweep and mop an area of the law library, and he was charged in a second misbehavior report with refusing a direct order. He was found guilty of this charge following a tier II disciplinary hearing, and the determination was later affirmed on administrative appeal. A few days before the second misbehavior report was issued, petitioner filed a grievance against the [*2]correction officer who authored this report alleging that the officer had denied him access to the dining hall for his evening meal. Following an investigation, the IGRC found that the allegations were unsubstantiated and denied the grievance. The denial was, in turn, upheld by respondent. After the second misbehavior report was issued, petitioner filed another grievance against the author of this misbehavior report claiming that this officer and others were harassing him in retaliation for him filing the first grievance against this officer. The IGRC conducted another investigation and concluded that the allegations were unfounded, whereupon it denied the grievance. The denial was also upheld by respondent. Thereafter, petitioner commenced this CPLR article 78 proceeding challenging the two disciplinary determinations, as well as the three determinations denying his grievances.
Turning first to the disciplinary determinations, the misbehavior reports, together with the testimony of the correction officers who authored them, provide substantial evidence supporting the determinations of guilt (see Matter of Brown v Venettozzi, 162 AD3d 1434, 1435 [2018]; Matter of McDonald v Annucci, 159 AD3d 1216, 1217 [2018]). Petitioner's claim that the misbehavior reports were fabricated presented a credibility issue for the Hearing Officer to resolve (see Matter of Mays v Early, 161 AD3d 1412, 1413 [2018]; Matter of Thompson v Kirkpatrick, 160 AD3d 1234, 1235 [2018]). Moreover, we reject petitioner's claim that the second disciplinary hearing was not timely completed as it was completed on October 24, 2017, within 14 days of the writing of the October 10, 2017 misbehavior report (see 7 NYCRR 251-5.1 [b]; Matter of Macedonio v Annucci, 142 AD3d 1215, 1215-1216 [2016]). Petitioner's remaining challenges to the disciplinary determinations have been considered and found to be lacking in merit. Insofar as he also challenges the denial of his grievances, petitioner has failed to exhaust his administrative remedies, as the record does not disclose that he appealed the denial of these grievances to the Central Office Review Committee (see Matter of Green v Kirkpatrick, 165 AD3d 1375, 1376 [2018]; Matter of Jackson v Administration of Bare Hill Corr. Facility, 139 AD3d 1191, 1192 [2016]).
Garry, P.J., Clark, Mulvey, Aarons and Rumsey, JJ., concur.
ADJUDGED that the determinations finding petitioner guilty of violating certain prison disciplinary rules are confirmed, without costs, and petition dismissed to that extent.
ADJUDGED that the part of the petition challenging the grievances is dismissed, without costs, for failure to exhaust administrative remedies.