Matter of Briggs v Lilley (2020 NY Slip Op 01691)





Matter of Briggs v Lilley


2020 NY Slip Op 01691


Decided on March 12, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 12, 2020

529508

[*1]In the Matter of Wade Briggs, Petitioner,
v
Lynn Lilley, as Superintendent of Woodbourne Correctional Facility, Respondent.

Calendar Date: February 7, 2020

Before: Lynch, J.P., Clark, Devine, Aarons and Pritzker, JJ.


Wade Briggs, Cape Vincent, petitioner pro se.
Letitia James, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
After a search of petitioner's cube disclosed, among other things, a list of online betting websites and moneys due to various individuals as denoted by their nicknames, petitioner was charged in a misbehavior report with smuggling, possessing gambling paraphernalia, possessing excess tobacco and engaging in an unauthorized exchange. Following a tier II disciplinary hearing, petitioner was found guilty of gambling and smuggling and not guilty of the remaining charges, and a penalty was imposed. Petitioner's administrative appeal was unsuccessful, prompting petitioner to commence this CPLR article 78 proceeding to challenge respondent's determination.
Preliminarily, respondent concedes, and our review of the record confirms, that the determination — insofar as it found petitioner guilty of smuggling — is not supported by substantial evidence and, therefore, that portion of the determination must be annulled (see e.g. Matter of Washington v Alderman, 175 AD3d 782, 782 [2019]. However, given that petitioner has served his penalty and no loss of good time was recommended, remittal for a redetermination of the penalty is not required (see Matter of Caldarola v Annucci, 148 AD3d 1396, 1397 [2016]).
As to the remaining charge, we find that the misbehavior report and corresponding description of the materials recovered from petitioner's cube constitute substantial evidence to support the finding of guilt as to possessing gambling paraphernalia (see Matter of Williams v Smith, 138 AD3d 1330, 1331 [2016]; Matter of Lumpkin v Fischer, 93 AD3d 1011, 1012 [2012]; Matter of Kelly v Department of Correctional Servs., 75 AD3d 672, 673 [2010]). Petitioner's exculpatory explanation — that the materials in question were his personal research gathered in anticipation of establishing a website once he was released — presented a credibility issue for the Hearing Officer to resolve (see Matter of Williams v Smith, 138 AD3d at 1331; Matter of Smith v Fischer, 85 AD3d 1481, 1482 [2011]; see also Matter of Sweeter v Coughlin, 221 AD2d 741, 741 [1995]). To the extent that petitioner's remaining arguments — including his challenges to the misbehavior report — have been preserved for our review, we find them to be lacking in merit.
Lynch, J.P., Clark, Devine, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of smuggling; petition granted to that extent and respondent is directed to expunge all references to this charge from petitioner's institutional record; and, as so modified, confirmed.