Matter of Thousand v New York State Dept. of Corr. & Community Supervision (2022 NY Slip Op 06212)

Matter of Thousand v New York State Dept. of Corr. & Community Supervision

2022 NY Slip Op 06212

Decided on November 3, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 3, 2022

534912
[*1]In the Matter of Peter Thousand, Petitioner,
v
New York State Department of Corrections and Community Supervision, Respondent.

Calendar Date:October 7, 2022

Before:Lynch, J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Peter Thousand, Woodbourne, petitioner pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of the Acting Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
As a result of an investigation, it was discovered that, during a cell cleanup and linen exchange, petitioner, an incarcerated individual, entered another incarcerated individual's cell and exchanged punches with that individual, resulting in numerous other incarcerated individuals who were entering the gallery to stop and observe the altercation. Based upon the foregoing, petitioner was charged in a misbehavior report with fighting, engaging in violent conduct, creating a disturbance and being out of place. Following the above incident, a correction officer searched petitioner's cell and discovered, among other things, an altered combination lock with something pushed into the keyhole to prevent the lock from being opened with a key. Petitioner was then charged in a second misbehavior report with altering an item and possessing contraband. At a combined tier III disciplinary hearing, petitioner pleaded guilty to altering an item and being out of place and was found guilty of the remaining charges consisting of fighting, engaging in violent conduct, creating a disturbance and possessing contraband. Upon administrative review, the determination was affirmed, prompting this CPLR article 78 proceeding.
We confirm. Petitioner's plea of guilty to the charges of altering an item and being out of place precludes him from now challenging the evidentiary basis for those charges (see Matter of Bouknight v Annucci, 181 AD3d 1079, 1079 [3d Dept 2020]). As to the remaining charges, the misbehavior reports, hearing testimony — including the confidential testimony considered by the Hearing Officer in camera — and documentary evidence provide substantial evidence to support the determination of guilt (see Matter of Morales v Fischer, 119 AD3d 1298, 1299 [3d Dept 2014]; Matter of Acosta v Fischer, 98 AD3d 1170, 1171 [3d Dept 2012]; Matter of Peoples v Bezio, 94 AD3d 1299, 1300 [3d Dept 2012]; see also Matter of Jones v Bellamy, 80 AD3d 1029, 1029-1030 [3d Dept 2011]). To the extent that petitioner asserts that he was not involved in the alleged altercation because he was not injured, it is not necessary that he sustain an injury to be found guilty of fighting another incarcerated individual (see 7 NYCRR 270.2 [B] [1] [iv]; cf. Matter of Chung v Annucci, 199 AD3d 1147, 1148 [3d Dept 2021]). Further, the differing accounts of the altercation offered by petitioner and his witness presented a credibility issue for the Hearing Officer to resolve (see Matter of Caraway v Annucci, 159 AD3d 1212, 1212 [3d Dept 2018]; Matter of Jones v Annucci, 156 AD3d 1093, 1094 [3d Dept 2017]).
Turning to petitioner's procedural claims, we find no merit to the claim that he was denied adequate [*2]employee assistance. Petitioner was provided with those documents that were relevant and available, and any deficiencies in assistance were remedied by the Hearing Officer who read into the record the unusual incident report, provided petitioner with his medical report and took confidential testimony regarding petitioner's mental health status (see Matter of Funches v State of New York Dept. of Corr. & Community Supervision, 163 AD3d 1390, 1391 [3d Dept 2018], lv dismissed 32 NY3d 1140 [2019]; Matter of Telesford v Annucci, 145 AD3d 1304, 1305 [3d Dept 2016]). Moreover, petitioner has not demonstrated that he was prejudiced by any of the employee assistant's alleged shortcomings (see Matter of Morales v Venettozzi, 186 AD3d 1871, 1872 [3d Dept 2020]; Matter of Zielinski v Venettozzi, 177 AD3d 1047, 1048 [3d Dept 2019]). Furthermore, "we find no error in consolidating the [two] misbehavior reports into one hearing inasmuch as the record establishes that the incidents were related and petitioner failed to demonstrate any prejudice as a result of the consolidation" (Matter of Mitchell v Annucci, 149 AD3d 1365, 1366 [3d Dept 2017]; see Matter of Hawley v Annucci, 137 AD3d 1621, 1622 [4th Dept 2016]; Matter of Baker v Fischer, 96 AD3d 1334, 1334 [3d Dept 2012]). There is also no indication that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Partak v Venettozzi, 175 AD3d 1633, 1635 [3d Dept 2019]). Finally, "there is no indication that the transcript of the hearing was deliberately altered or that significant portions are missing such as to preclude meaningful review" (Matter of Tigner v Rodriguez, 196 AD3d 982, 982 [3d Dept 2021] [internal quotation marks and citations omitted]). To the extent that petitioner's remaining contentions are properly before us, including his claim that he was denied relevant and nonredundant witnesses, they have been considered and found to be without merit.
Lynch, J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.